Palou, Recurrente, *v.* El Registrador, Recurrido.

Recurso gubernativo contra resolución del Registrador de la Propiedad de Caguas.

No. 139.—Resuelto en abril 16, 1913.

Tutor—Agrupación de Fincas de un Incapacitado—Autorización Judicial.— Ni la letra ni el espíritu del párrafo 5 del artículo 282 del Código Civil Revisado, enmendado por la Ley No. 33 de marzo 9, 1911, exigen la autorización judicial para que el tutor de un incapacitado pueda agrupar en una, dos fincas inscritas en el registro e inscribirlas de nuevo así agrupadas, de acuerdo con lo preceptuado en el artículo 60 del reglamento para la ejecución de la ley hipotecaria.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Luis Muñoz Morales.*

El registrador compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Aparece de los documentos archivados en este caso, que el 6 de septiembre de 1911, Don Pedro Juan Palou, en su carácter de tutor de la incapacitada Doña Dolores Jiménez, dió en

arrendamiento tres fincas rústicas de la propiedad de su pupila, entre ellas, una de 23 cuerdas 95 céntimos, radicada en el barrio de Gurabo Abajo de la jurisdicción de Juncos. El contrato se hizo constar en escritura pública. El término del arrendamiento pactado fué el de seis años.

En 1 de mayo de 1912, la Corte de Distrito de Humacao autorizó al tutor para aclarar la escritura de 6 de septiembre de 1911 y pactar su inscripción en el registro de la propiedad, y en 10 de mayo, el dicho tutor y los arrendatarios otorgaron una nueva escritura notarial ratificando la anterior y conviniendo expresamente en que se inscribiera en el registro. Las cláusulas tercera y cuarta de dicha nueva escritura dicen así:

"Tercero.—Que hubo error al describir en dicha escritura la finca letra 'C,' pues si bien es cierto que esa finca le fué adjudicada a Doña Dolores Jiménez Hernández en la testamentaría de su esposo Don Jaime Palou, es también cierto que posteriormente se segregaron de ella once cuerdas cincuenta y dos centavos, quedando reducida su cabida a doce cuerdas cuarenta y tres centavos doscientas cuarenta milésimas, cuyas once cuerdas cincuenta y dos centavos, previa autorización de la Corte de Distrito de Humacao, fueron dadas en permuta, con otras once cuerdas veinte y dos centavos de Don Miguel Palou, pasando entonces éstas a la propiedad de la Doña Dolores Jiménez, siendo la descripción de las mismas como sigue: * * *.

"Cuarto.—Que para los efectos del expresado arrendamiento debe entenderse, que la finca descrita en la escritura de seis de septiembre de mil novecientos once ya citada, con la letra 'C,' estaba descompuesta en dos fracciones, una de doce cuerdas cuarenta y tres centavos doscientas cuarenta y ocho milésimas a que quedó reducida por la segregación que sufriera, y otra de once cuerdas cincuenta y dos centavos que fué objeto de la permuta con Don Miguel Palou, descritas éstas en el apartado anterior, cuyas dos parcelas, si bien forman distintos cuerpos, están unidas y colindan entre sí y por tanto hecha esta aclaración, Don Pedro Juan Palou y Jiménez en el carácter que ostenta, las agrupa, para que se inscriba en el registro de la propiedad, con un valor de dos mil trescientos dollars y en usufructo a nombre de Doña Dolores Jiménez Hernández y en nuda propiedad en la proporción de una cuarta parte para Don Jaime Palou Jiménez, otra cuarta parte, más la mitad de otra cuarta parte

para Doña Juana María Palou y Jiménez y otra cuarta parte más la mitad de otra cuarta parte para Don Miguel Palou y Jiménez y con la siguiente descripción: * * *."

Presentada en el registro la escritura de 10 de mayo de 1912, el registrador, en 19 de febrero de 1913, resolvió lo que sigue:

"Denegada la inscripción de la agrupación que comprende el precedente documento, de acuerdo con el inciso 5º. del artículo 282 del Código Civil vigente, por observarse que el Don Pedro Juan Palou y Jiménez verifica la agrupación de referencia como tutor de la incapacitada Doña Dolores Jiménez Hernández, sin la correspondiente autorización judicial, extendiéndose en su lugar anotación preventiva por el término legal de 120 días a favor de los mismos Doña Dolores Jiménez Hernández, Don Jaime, Doña Juana María y Don Miguel Palou y Jiménez en la forma y proporción que dicho documento expresa, al folio 81 del tomo 17 de Juncos, finca 753, anotación letra 'A,' con los defectos subsanables de no describirse en el, título el resto de finca que se agrupa, compuesto de 12 cuerdas 43 centavos 248 milésimas; y el de no acreditarse el carácter de tutor de la citada Doña Dolores Jiménez, que ostenta el referido Don Pedro Juan Palou y Jiménez."

El ocho de marzo de 1913, el tutor Palou archivó un escrito en esta Corte Suprema interponiendo el presente recurso gubernativo, acompañando la copia de la escritura de 6 de septiembre de 1911, la de la resolución de la corte de distrito de 1 de mayo de 1912 y la de la escritura de 10 de mayo de 1912, a cuyo pie figura la nota del registrador que dejamos transcrita.

El recurrente suplica en su escrito a esta corte que "se sirva revocar la nota denegatoria del señor Registrador de la Propiedad de Caguas, ordenando en su consecuencia que se proceda a verificar la inscripción del contrato de arriendo y su aclaración, a que se refieren los títulos presentados."

Parece en verdad lo lógico que junto con la escritura de 10 de mayo de 1912, se presentara en el registro la de 6 de septiembre de 1911, pero esto no resulta así de los docu-

mentos acompañados a su escrito por el recurrente. Al pie de la escritura de 6 de.septiembre de 1911, consta que dicha escritura fué presentada en el registro y retirada por el interesado, sin que el registrador resolviera nada sobre si debía o nó inscribirse, y al .pie de la escritura de 10 de mayo de 1912 figura la nota que dejamos transcrita ·y de la cual resulta que la cuestión envuelta en este caso no es si cabe o nó inscribir el contrato de arrendamiento, sino la de si puede o nó inscribirse la agrupación de fincas a que se refieren las cláusulas tercera y cuarta de la dicha escritura de 10 de mayo de 1912.

A este respecto, el registrador dice en su informe:

"He de permitirme indicar que la súplica contenida en el alegato del recurrente, no es congruente con las premisas de este caso, pues allí se pide que el registrador inscriba el arrendamiento, y el recurso sólo tiene por objeto la negativa de inscripción del documento, agrupando las fincas, que fué el único que se calificó.'

Expuesto lo que antecede, estudiaremos y resolveremos la única cuestión envuelta en el recurso, a saber: si Don Pedro Juan Palou en su carácter de tutor de la incapacitada Doña Dolores Jiménez, podía sin autorización de la corte de· distrito competente, agrupar dos fincas ya inscritas de su pupila e inscribir dichas fincas así agrupadas en el registro de la propiedad.

El registrador sostiene que no, y para ello se basa en el número 5°. del artículo 282 del Código Civil Revisado, que tal como quedó enmendado por la ley número 33 de 9 de marzo de 1911, en lo pertinente, dice así:

"Art. 282. El tutor necesita autorización de la Corte de Distrito competente: * * *.

"5. Para enajenar o gravar bienes inmuebles que constituyan el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción * * *.''

A nuestro juicio ni la letra, ni el espíritu de la ley exigen en este caso la autorización judicial.

Agrupar en una varias fincas previamente inscritas, no constituye una enajenación o gravamen de las mismas. Tampoco tiene el carácter de un contrato, y si bien es un *acto* que da lugar a una nueva inscripción en el registro, es a una inscripción de orden interior dentro del registro mismo que no crea, ni modifica, ni extingue derecho alguno. Al especificar la Ley Hipotecaria en su artículo 2 lo que debe inscribirse en el registro, no incluye la agrupación de fincas. Dicho acto está regulado por un precepto reglamentario que dispone que "cuando se reunan dos fincas para formar una sola, se inscribirá ésta con un nuevo número, haciéndose mención de ello al margen de cada una de las inscripciones anteriores relativas al dominio de las fincas que se reunan. En la nueva inscripción se hará también referencia de dichas inscripciones, así como de los gravámenes que las mismas fincas reunidas tuvieren con anterioridad." Párrafo 2 del artículo 60 del Reglamento para la ejecución de la Ley Hipotecaria.

Y si estudiamos el espíritu del artículo 282 del Código Civil vigente, y el de todos sus precedentes legales, veremos que es el de proteger los intereses de los menores o incapacitados por cualquier otro concepto. Y como el acto de la agrupación de varias fincas previamente inscritas para inscribirlas de nuevo, como una sola finca en el registro, no perjudica en modo alguno dichos intereses, no es necesario para verificarlo que el tutor sea autorizado por la corte de distrito competente.

Por las razones expuestas, debe revocarse la nota recurrida y ordenarse al registrador que inscriba, de acuerdo con la ley, la agrupación solicitada.

Con respecto a la inscripción del contrato de arrendamiento, nada puede resolver esta corte en este recurso gubernativo. La parte interesada procederá como mejor convenga a su derecho.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.