## Vázquez, Recurrente, *v.* Registrador de Aguadilla, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Aguadilla denegatoria de la inscripción de una escritura de venta.

No. 466.—Resuelto en julio 16, 1920.

Agrupación de Fincas—Colindantes—Bienes Privativos—Bienes Gananciales.—La doctrina establecida de que dos entidades distintas no pueden agrupar fincas aunque éstas sean colindantes, no impide que, vendidas dichas fincas a un solo comprador, en la misma escritura de venta se las agrupe y las inscriba éste formando una sola finca.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Víctor P. Martínez.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Víctor P. Martínez y su esposa María del Pilar Cabrero y Echandía comparecen en un documento público vendiendo dos fincas a Manuel de Jesús Vázquez y su esposa. El registrador denegó la inscripción del documento porque una de las fincas había sido adquirida por Víctor P. Martínez en su estado de viudez, y la otra constante su matrimonio con María del Pilar Cabrero, y por tal razón que no podían ser agrupadas las dos fincas por pertenecer a entidades legalmente distintas, como fué resuelto por este tribunal en el caso de *Durán v. El Registrador,* 20 D. P. R. 148, y en el de *Muñoz v. El Registrador de Caguas,* 25 D. P. R. 842.

El recurrente De Jesús alegó entre otras cosas que de los antecedentes en poder del registrador éste no tenía conocimiento oficial respecto al carácter privativo con que se poseía una de las dos fincas y el apelante insiste al parecer en que no tenía tal carácter privativo. Como estos particulares envuelven cuestiones de hecho que no se encuentran debidamente ante nos, no las discutiremos, pues creemos que la nota debe ser revocada por otro fundamento levantado por el recurrente.

En los casos de Muñoz y Durán, *supra,* la cuestión era únicamente si dos entidades distintas podían hacer las agrupaciones. El recurrente, sin embargo, llama la atención de que en este caso los compradores legalmente han de ser considerados como las personas o entidades que solicitan la agrupación. Es verdad, como alega el recurrente, que el contrato de compraventa y la agrupación tuvieron lugar desde el punto de vista legal con anterioridad a la escritura. Podemos agregar que la escritura no es sino la prueba del contrato de compraventa. Las partes, de acuerdo con los artículos 4 y 1245 del Código Civil pueden renunciar a sus derechos y hacer la clase de contrato que les convenga. Víctor P. Martínez y su esposa solidaria y mancomunadamente se desprendieron de todo el interés que tenían en cada una de las fincas

y están impedidos por documento público de poder alegar título alguno a las mismas. Los compradores deben ser considerados como las personas que verifican la agrupación. Un razonamiento semejante puede hallarse en nuestra decisión en el caso de *Vilá* v. *El Registrador de San Juan,* 27 D. P. R. 929.

La nota recurrida debe ser revocada y verificada la inscripción.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.