Eulogio Hidalgo Medina, como tutor de Gilberto Avilés, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

No. 696.—*Sometido:* Noviembre 29, 1927. *Resuelto:* Diciembre 12, 1927.

1. Tutor y Pupilo—Custodia y Cuidado de la Persona del Menor y de sus Bienes—Enajenación o Gravamen de Inmuebles—Autorización Judicial Necesidad de la Misma.—El objeto del inciso 5 del artículo 282 del Código Civil según fué enmendado por Ley No. 33 de 1911 (pág. 126) fué indudablemente el de exigir autorización judicial para el otorgamiento de contratos ins-

cribibles en los casos en que se enajenen o graven o puedan perjudicarse propiedad inmueble o derechos reales de menores.

2. Tutor y Pupilo—Custodia y Cuidado de la Persona del Menor y de sus Bienes—Enajenación o Gravamen de Inmuebles—Autorización Judicial Necesidad de la Misma.—Si bien el inciso 5 del artículo 282 del Código Civil, según quedó enmendado por Ley No. 33 de 1911 (pág. 126) no prohibe al tutor que efectúe un contrato o se otorguen documentos inscribibles, para ello es necesario la previa autorización judicial.

3. Tutor y Pupilo—Custodia y Cuidado de la Persona del Menor y de sus Bienes—Enajenación o Gravamen de Inmuebles—Inscripción—Denegatoria de Inscripción — Defectos Insubsanables — Falta de Autorización Judicial.—En ausencia de demostración de que, claramente, una venta hecha a un tutor para su pupilo menor, representado por aquél, y sin la previa autorización judicial no cae dentro de la regla estatutoria que prohibe al tutor otorgar contratos sujetos a inscripción sin tal autorización, aquélla no es inscribible.

4. Tutor y Pupilo—Custodia y Cuidado de la Persona del Menor y de sus Bienes—Enajenación o Gravamen de Inmuebles—Inscripción—Denegatoria de Inscripción — Defectos Insubsanables — Falta de Autorización Judicial.—Tratándose de la venta o enajenación de bienes inmuebles o derechos reales de menores la falta de una previa autorización no equivale a un defecto subsanable, y sí a uno insubsanable.

Nota de *L. Abella Blanco*, R. (Aguadilla), denegando inscripción de un contrato de compraventa por lo que respecta a la parte de un menor. *Confirmada.*

*García Méndez & García Méndez,* abogados del recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En la escritura que está ante nos se trata de vender una casa y dos solares a Juana Medina Hernández, viuda de Hidalgo y a don Eulogio Hidalgo Medina para su pupilo Gilberto Avilés, un menor representado por dicho Hidalgo Medina como tutor, en la proporción de tres cuartas partes de un condominio pro indiviso de dicha propiedad a la referida viuda y la cuarta parte a Gilberto Avilés. Se especifican $4,000 como la causa (*consideration*) para esta enajenación y se reconoce haber recibido esta cantidad de manos de los compradores con anterioridad a la fecha del documento.

El registrador de la propiedad se negó a inscribir el traspaso del condominio pro indiviso de una cuarta parte

a nombre del menor Gilberto Avilés por el fundamento de que de acuerdo con los términos del artículo 282 del Código Civil, inciso 5, un tutor no puede otorgar un contrato inscribible.

[1, 2, 3] El artículo 282 del Código Civil revisado, tal como fué adoptado por nuestra Legislatura Insular en el 1902, leía en parte como sigue:

"Artículo 282.—El tutor necesita autorización de la corte de distrito competente:

\*          \*          \*          \*          \*          \*          \*

"5. Para enajenar o gravar bienes que constituyan el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción."

En el 1911 el inciso 5 fué enmendado para leer como sigue:

"5.—Para enajenar o gravar bienes inmuebles que constituyan el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción, así como para enajenar bienes muebles cuyo valor pase de doscientos dollars, y para otorgar contratos de arrendamiento de bienes inmuebles por un término mayor de seis años, sin que en ningún caso el arrendamiento pueda efectuarse, ni la autorización concederse por un período de tiempo que exceda al que falte al menor para cumplir su mayoridad.

"Las limitaciones contenidas en el apartado anterior, sobre arrendamiento de bienes inmuebles, serán aplicables a los contratos de refacción agrícola y molienda de cañas, autorizados por la ley aprobada en marzo 10 de 1910.

"La prohibición de enajenar bienes muebles, por valor excedente de doscientos dollars, sin autorización judicial, no comprende la enajenación de los frutos de una finca rústica, en su última cosecha."

No fué la intención de la Legislatura en el 1911 extender la prohibición de manera que incluyera arrendamientos "por un término mayor de seis años." Tales convenios habían sido ya incluídos en los contratos inscribibles por los términos expresos del artículo 2 de la Ley Hipotecaria. El propósito de la enmienda fué extender la restricción estatutoria lo suficiente para cubrir contratos de refacción agrí-

cola, así como la enajenación de bienes muebles cuyo valor exceda de $200 para agregar la disposición de que ningún contrato de arrendamiento deberá extenderse en caso alguno más allá del período de la minoridad.

Tanto antes como después de la enmienda, arrendamientos bajo los cuales se habían pagado cánones por más de tres años por adelantado y arrendamientos a corto plazo sin el pago de canon alguno por adelantado, si contenían la· estipulación necesaria de las partes, eran inscribibles por equivaler a una enajenación de bienes muebles o de derechos reales sobre la propiedad. La cancelación de una hipoteca es una enajenación. La inmensa mayoría de los documentos inscribibles envuelve la enajenación o gravamen de propiedad inmueble o de derechos reales. Evidentemente de acuerdo con el principio de *noscitur a sociis*, el objeto del inciso 5, *supra,* es exigir la autorización judicial para el otorgamiento de contratos inscribibles en los casos en que se enajenen o graven o pudieran perjudicarse propiedad inmueble o derechos reales de menores. La anterior conclusión es más bien robustecida que debilitada por una cuidadosa consideración del contexto. Así, por ejemplo, el inciso 10 expresamente exige la autorización judicial para que el tutor repudie una donación, pero brilla por su ausencia una restricción parecida con respecto a la aceptación de donaciones. En el caso de *Palou* v. *Registrador,* 19 D.P.R. 372, se resolvió, de acuerdo con el sílabo, que:

"Ni la letra ni el espíritu del párrafo 5 del artículo 282 del Código Civil Revisado, enmendado por la Ley No.· 33 de marzo 9, 1911, exigen la autorización judicial para que el tutor de un incapacitado pueda agrupar en una, dos fincas inscritas en el registro e inscribirlas de nuevo así agrupadas, de acuerdo con lo preceptuado en el artículo 60 del reglamento para la ejecución de la ley hipotecaria.''

Por tanto, estamos obligados a convenir con el apelante en que la ley no prohibe que se acepte una donación, que se efectúe un contrato o que se otorgue un·documento inscri-

bible, lo cual evidentemente no lesiona o perjudica, ni puede lesionar o perjudicar en ninguna forma posible, los derechos o intereses de un menor. Pero no podemos estar de acuerdo con el criterio de que la venta que estamos considerando sea una donación o que sea innocua en alguna otra forma; y debe sostenerse, desde luego, la nota del registrador, a menos que pueda considerarse que el presente caso cae claramente dentro de la excepción de la regla estatutoria que prohibe que un tutor otorgue contratos inscribibles sin autorización judicial.

Es una inferencia razonable de la disposición en cuanto a la causa (*consideration*) que la cuarta parte de los cuatro mil dólares en cuestión, o por lo menos más de doscientos dólares de esa cantidad, fueron pagados por el tutor de los fondos pertenecientes al menor. Pero, aún en ausencia de tal disposición, se presume la existencia de una causa buena y de valor (*good and valuable consideration*) satisfecha por el menor al vendedor. Y nada hay en la escritura que indique bien una donación o un contrato simulado, a menos que se considere que la mera circunstancia del hecho de reconocerse que se ha recibido el precio con anterioridad al otorgamiento de la escritura, equivale a admitir que en realidad no hubo causa. Ni siquiera aparece que el vendedor estuviera relacionado con los compradores o con cualquiera de ellos por lazos de consanguinidad o matrimonio, ni hay ningún otro fundamento en que basar una sospecha razonable de que la verdadera causa fué el cariño y el afecto natural o cualquiera otra cosa que no fueran los cuatro mil dólares especificados en la escritura. Ni es necesario asumir que la parte o proporción de la causa que fué satisfecha a nombre del menor ascendía a doscientos dólares o más. El inciso 6 del artículo 282, *supra,* expresamente prohibe colocar "el dinero sobrante en cada año después de cubiertas las obligaciones de la tutela."

Por tanto, no podemos decir que el registrador cometiera error al sostener que la escritura caía dentro de la prohibi-

ción del estatuto como un documento inscribible, aun cuando pudo haber basado su negativa a inscribir el documento con igual o mayor propiedad en el hecho de que la transacción envolvía la enajenación o inversión de dinero perteneciente al menor.

[4] La contención de que la falta de una previa autorización judicial equivale a lo sumo a un defecto subsanable carece igualmente de mérito. El caso de *Del Rosario* v. *Rucabado,* 23 D.P.R. 473, así como las decisiones de esta corte con posterioridad a la de la Corte Suprema de los Estados Unidos en el caso de *Longpré* v. *Díaz,* 237 U. S. 512, parecen ser concluyentes en cuanto a este extremo.

*Debe confirmarse la nota recurrida.*