José A. Surís Agrait, recurrente, *v.* Registrador de la Propiedad de San Germán, recurrido.

Núm. 1059.—*Sometido:* Noviembre 6, 1939. *Resuelto:* Noviembre 7, 1939.

*José A. Surís Agrait, pro se;* el registrador recurrido no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Por escritura número 25 de 12 de junio de 1939, los cónyuges Rosendo Irizarry Pagán y María Luisa Vega cancelaron una hipoteca constituída sobre una finca de la sociedad de gananciales en garantía de ciertos pagarés al portador,

---

* Nota: Véase el prefacio.

de los cuales eran ellos tenedores en la fecha indicada. En el mismo documento dichos esposos agruparon la aludida finca, que se describe en la escritura bajo la letra A, con otra descrita bajo la letra B, propiedad privativa de uno de los cónyuges. Sobre la finca así agrupada, descrita bajo la letra C, constituyeron ellos hipoteca en el mismo documento a favor de Eugenio Quiñones Rodríguez.

Presentada la escritura en el Registro de la Propiedad de San Germán, el Registrador la inscribió solamente en cuanto a la cancelación de hipoteca, denegándola en cuanto a la inscripción de la agrupación e hipoteca por no ser objeto de agrupación fincas pertenecientes a la sociedad de gananciales y las de los cónyuges privativamente.

El recurrente acepta el principio legal en que descansa la nota del Registrador, pero invoca los casos de *Vázquez* v. *Registrador,* 28 D.P.R. 766, y *Vilá* v. *Registrador,* 27 D.P.R. 929, para sostener la procedencia de la agrupación.

En los casos citados por el recurrente, los cónyuges vendedores agruparon fincas de la sociedad de gananciales con otras privativas de uno de ellos y hecha la agrupación, en el mismo acto vendieron la finca así agrupada. Tratándose de que el comprador adquiría el dominio pleno tanto de las fincas de la sociedad de gananciales como de las privativas del cónyuge, la agrupación era inscribible, pues de todos modos el comprador, al adquirir las fincas, tenía el derecho indiscutible de agruparlas. Habiéndolas agrupado los vendedores con el consentimiento del comprador, puesto que de no estar éste conforme con la agrupación no hubiese aceptado la venta y firmado la escritura, equivale a haberse practicado la agrupación por el propio comprador. *Qui facit per alium facit per se.* El caso que nos ocupa es distinto. Aquí no se trata de un comprador, sino de un acreedor hipotecario el cual adquiere un derecho real sobre los inmuebles hipotecados, pero no el dominio de los mismos. No teniendo el recurrente el dominio de las fincas hipotecadas, no es dueño de ellas, y no siendo dueño carece de la condición primordial

para poder llevar a cabo una agrupación, cual es ser dueño de las fincas agrupadas. Artículo 61 del Reglamento para la ejecución de la Ley Hipotecaria. El acreedor hipotecario no tiene derecho alguno, como no lo tiene el arrendatario, a agrupar fincas que no le pertenecen. Por esa razón no puede considerarse que la agrupación la verifica el acreedor hipotecario, como pretende equivocadamente el recurrente. Si no puede inscribirse la agrupación, tampoco puede inscribirse la hipoteca sobre la finca agrupada, ya que no puede constituirse una hipoteca sobre una finca que ni siquiera tiene existencia legal, como sucede en este caso.

*Por lo expuesto, procede confirmar en todas sus partes la nota recurrida.*