RAMÓN SALVADOR TORRES VÉLEZ, ET AL., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1188.—*Sometido:* Julio 8, 1946. *Resuelto:* Julio 24, 1946.

*E. López Acosta,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Los dueños en común proindiviso de dos predios de terreno contiguos otorgaron una escritura para agruparlos. El Registrador se negó a inscribirla por el fundamento de

que "no presta su consentimiento María Irizarry Acosta quien tiene una cuota usufructuaria en las fincas que se pretenden agrupar."

El Registrador arguye que de acuerdo con el artículo 61 del Reglamento para la Ejecución de la Ley Hipotecaria(¹) es necesaria en un documento de esta naturaleza la concu-

(¹)Dicho artículo lee como sigue:

"Se inscribirán bajo un solo número si los interesados lo solicitaren, considerándose como una sola finca, con arreglo al artículo 8 de la ley y para los efectos que el mismo expresa:

"*Primero.* Las propiedades rústicas conocidas con los nombres de haciendas, cafetales, ingenios, vegas, estancias, sitios, potreros, ètc., que formen un cuerpo de bienes dependientes o unidos, con uno o más edificios y una o varias piezas de terreno con arbolado o sin él, aunque éstas no linden entre sí ni con el edificio, con tal que pertenezcan al mismo cuerpo de bienes y a una sola persona, o a varias *pro indiviso,* y aun cuando afecten al mismo gravámenes o derechos reales, correspondientes a una sola persona o a varias, y se componga de distintas suertes o porciones dadas en enfiteusis. Para los efectos de la inscripción se considerará único el señorío directo, aunque sean varios los que a título de dueños directos cobren rentas o pensiones de una finca, siempre que ésta no se halle dividida entre ellos por el mismo concepto.

"*Segundo.* Toda finca urbana y todo edificio, aunque pertenezca en porciones señaladas, habitaciones o pisos, a diferentes dueños, en dominio pleno o menos pleno.

"*Tercero.* Todo edificio o albergue situado fuera de poblado, con todas sus dependencias y anejos, como corrales, cobertizos, palomares, etc., aunque pertenezca a varios dueños *pro indiviso,* esté afecto a. gravámenes o derechos reales, correspondientes a una o varias personas, y se halle dividido en suertes o porciones dadas en enfiteusis.

"*Cuarto.* Las piezas de tierra colindantes que pertenezcan a un mismo dueño, o a varios *pro indiviso,* aunque no tengan albergue alguno ni sean de idéntica procedencia u origen, y hayan llegado al último adquirente por diversos títulos.

"Cuando el derecho real o gravamen que afecte al conjunto de fincas a que se refiere el número 1 estuviere dividido en fracciones y se determinaren las fincas gravadas con cada fracción, éstas podrán inscribirse con separación de las demás y con número distinto, aunque formando grupo entre sí todas las que queden afectas a una misma fracción del gravamen.

"Si cualquiera de las agrupaciones de fincas que puedan inscribirse bajo un solo número, conforme a lo dispuesto en este artículo, estuviere enclavada en los términos de dos o más ayuntamientos, se inscribirá en el registro especial de cada uno de ellos la parte correspondiente al mismo, expresándose al final de la inscripción que las fincas objeto de ella, en unión con las demás, cuyos números, folios y libros se citaran, constituyen——(la hacienda, cafetal, estancia, etc.), e indicando el nombre, si lo tuviere, o en otro caso, la denominación con que fuere conocida dicha agrupación."

rrencia de todas las personas interesadas, incluyendo aquel usufructuario con un derecho real en las propiedades que se pretenden agrupar.

De la lectura del artículo 61 surge el hecho de que son los propietarios de los predios las personas que deben solicitar la agrupación de dos o más fincas. El artículo 61 hace referencia a la situación que surge cuando sobre las fincas que se intenta agrupar existen gravámenes o derechos reales. Así vemos que el primer inciso establece que se pueden agrupar las fincas rústicas ''con tal que pertenezcan al mismo cuerpo de bienes y a una sola persona o a varias pro indiviso, y aun cuando afecten al mismo gravámenes o derechos reales correspondientes a una sola persona o a varias, y se componga de distintas suertes o porciones dadas en enfiteusis.'' Y el artículo 61 más adelante dispone que ''cuando el derecho real o gravamen que afecte al conjunto de fincas a que se refiere el número 1 estuviere dividido en fracciones y se determinaren las fincas gravadas con cada fracción, éstas podrán inscribirse con separación de las demás y con número distinto, aunque formando grupo entre sí todas las que queden afectas a una misma fracción del gravamen.''

Morell, en su obra Legislación Hipotecaria, comentando artículos similares del reglamento de la Ley Hipotecaria Española, dice a la página 53 del volumen II: ''El artículo 57, como el 322 del Reglamento anterior, se limita a decir que la inscripción de la finca se hará si los interesados lo solicitaren, y en varias resoluciones sólo se dice que se verificará a solicitud de los propietarios.'' Y, a la página 85: ''La reunión o agrupación de fincas o derechos, requiere siempre solicitud expresa del propietario del inmueble o derecho, a diferencia de las segregaciones, que no exigen ese requisito.''

Es una conclusión lógica la de que es innecesario el consentimiento de otros individuos que no son dueños de los predios que se pretenden agrupar. ''Agrupar en una va-

rias fincas previamente inscritas no constituye una enajena-ñación o gravamen de las mismas. Tampoco tiene el carácter de un contrato y si bien es un *acto* que da lugar a una nueva inscripción en el registro, es a una inscripción de orden interior dentro del registro mismo que no crea, ni modifica, ni extingue derecho alguno." *Palou* v. *Registrador*, 19 D.P.R. 372, 376, citado con aprobación en *Baetjer* v. *Registrador*, 48 D.P.R. 647, 667–8.

*La nota del Registrador será revocada, y se le ordenará que inscriba la escritura de agrupación.*