EUGENIA MATTEI, COMO TUTORA DE DOÑA VICENTA BAERGA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

*Número:* G-66-8         *Resuelto:* 5 de mayo de 1967

---

*José M. Saliceti,* abogado de la recurrente. El Registrador recurrido compareció por escrito.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Dávila y Ramírez Bages.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

La más lejana expresión de este Tribunal que tiene pertinencia para la resolución del problema jurídico que ahora se nos plantea aparece contenida en *Palou* v. *El Registrador,* 19 D.P.R. 372, resuelto hace más de medio siglo, en 1913. Consideramos allí la necesidad de autorización judicial para el acto de un tutor de agrupar bienes inmuebles de una incapacitada, conforme a lo dispuesto en el número 5 del Art. 282 del Código Civil entonces vigente,[1] concordante con el 212 actual, 31 L.P.R.A. sec. 786, y dijimos que ni la letra ni el espíritu de la ley así lo exigían. Fundóse la resolución recaída

[1] "Art. 282. El tutor necesita autorización de la Corte de Distrito competente:

5. Para enajenar o gravar bienes inmuebles que constituyan el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción . . . ."

en que (a) la agrupación en una de varias fincas inscritas no constituye una enajenación o gravamen de las mismas; (b) no tiene el carácter de un contrato, y, (c) si bien es un acto que da lugar a una nueva inscripción, es a una de orden interior dentro del registro mismo que no crea, ni modifica, ni extingue derecho alguno, invocando el párr. 2 del Art. 60 del Reglamento para la ejecución de la Ley Hipotecaria, 30 L.P.R.A. sec. 918.(²) Esta doctrina ha sido reiterada, con expresa mención de *Palou,* en *Berríos* v. *El Registrador de Caguas,* 27 D.P.R. 900, 901 (1919); *Baetjer* v. *Registrador,* 48 D.P.R. 647, 667 (1935); y *Torres* v. *Registrador,* 66 D.P.R. 517, 519–520 (1946).

*Hidalgo* v. *Registrador,* 37 D.P.R. 477 (1927), en que se cita con aprobación a *Palou, supra,* elabora la norma en forma más amplia, y después de considerar varias situaciones—arrendamientos bajo ciertas condiciones, cancelación de hipoteca, aceptación de donación—acuerda que evidentemente conforme a la regla de hermenéutica de *noscitur a sociis,* el objeto del Núm. 5 del Art. 212 es exigir la autorización judicial para el otorgamiento de contratos o actos inscribibles en los casos en que se enajenen o graven o pudieran perjudicarse propiedad inmueble o derechos reales de menores. Conviénese en que el criterio determinante debe ser si el documento inscribible lesiona o perjudica los derechos o intereses del menor o incapacitado.(³)

---

(²)"Cuando se reúnan dos fincas para formar una sola, se inscribirá ésta con un nuevo número, haciéndose mención de ello al margen de cada una de las inscripciones anteriores relativas al dominio de las fincas que se reúnan. En la nueva inscripción se hará también referencia de dichas inscripciones, así como de los gravámenes que las mismas fincas reunidas tuvieren con anterioridad." Véase el Art. 137 del proyecto de nueva Ley Hipotecaria, P. del S. 604 de la 3ra. sesión ordinaria de la 5ta. Asamblea Legislativa, que mantiene sustancialmente igual esta disposición.

(³)Aun cuando se sostuvo la nota denegatoria de la inscripción del documento presentado—escritura de adquisición por un tutor para beneficio de su pupilo de un condominio de una cuarta parte en unos inmuebles por precio confesado recibido con anterioridad al otorgamiento—los motivos

Con estos precedentes en mente, consideremos la nota denegatoria que es objeto de este recurso. Mediante la escritura Núm. 376 de fecha 19 de octubre de 1966 pasada ante el Notario don José M. Saliceti, la otorgante doña Eugenia Mattei, en su carácter de tutora dativa de su señora madre incapacitada doña Vicenta Baerga, segregó una finca de 5.24 cuerdas, con valor de dos mil dólares, de una de mayor cabida, 645 cuerdas, para formar una finca distinta y separada y así inscribirla en el Registro de la Propiedad. (⁴) Para justificar su negativa a inscribir dice el Registrador recurrido: ". . . el acto de la segregación es un àcto comprendido como tal dentro de la prohibición del artículo 212 del Código Civil, inciso 5, que exige la previa autorización judicial del Tribunal Superior competente . . . constituyendo tal segregación un acto de dominio para el cual se necesita autorización judicial por cuanto podría redundar en perjuicio de la titular incapacitada . . . al mutilarse o subdividirse el inmueble de que se trata, sin que pueda el Registrador presumir que es beneficiosa dicha división y porque los elementos de juicio para hacer tal apreciación, ausentes en el título, competen al fuero judicial . . . y además por los fundamentos de lo resuelto en el recurso gubernativo *Hidalgo* v. *Registrador* reportado al tomo 37 de las Decisiones de Puerto Rico a la página 477 . . .". Debe sostenerse la nota denegatoria.

En su bien elaborado alegato el registrador recurrido opone reparos a la expresión originada en *Palou* al efecto de que la agrupación constituye una operación de orden interior

---

aducidos fueron que no podían considerarse que bajo las circunstancias que aparecían del documento el caso caía dentro de la regla expuesta, y en el hecho de que la transacción envolvía la inversión de dinero perteneciente al menor en una cantidad mayor de doscientos dólares.

(⁴) Aunque nada se expresa en el documento, de las descripciones de las fincas se deduce que la lotificación es una de las exentas en la zona rural, para fines agrícolas, siendo el área tanto del remanente como de la nueva finca, mayor de cinco cuerdas. Art. 3 del Reglamento de Planificación Núm. 3, 23 R.&R.P.R. sec. 10-3.

en el registro y expresamente solicita su revocación. Es cierto que la nueva inscripción adviene como una principal de la nueva finca a todos los pasos y vicisitudes ulteriores del inmueble y que ninguna operación puede practicarse en cuanto a las fincas agrupadas que a todos los fines quedan clausuradas para la vida registral. Pero ello no obsta al sentido en que se usó tal lenguaje, que no fue otro que indicar que la agrupación en cuanto al título dominical se refiere no altera la situación ya obrante en el registro.

Aduce además que tanto la agrupación como la segregación son actos de riguroso dominio cuya facultad corresponde exclusivamente al titular. La segregación no es más que la separación de una parte de una finca de su matriz para constituir una finca distinta. Es por ello que se requiere que sea el acto "discrecional y potestativo" del dueño, y se veda tal facultad a un acreedor, *Álvarez* v. *Registrador*, 57 D.P.R. 665 (1940); *Moraza* v. *Registrador*, 45 D.P.R. 833 (1933), o a un arrendatario, *Surís* v. *Registrador*, 55 D.P.R. 540 (1939). Con tal exigencia se cumple en el caso que consideramos ya que la segregación se hace por la única interesada, sólo que por estar intervenida su capacidad jurídica, lo hace quien completa la capacidad, su tutora. En verdad no vemos razón alguna para alterar la reiterada doctrina de que la autorización judicial es indispensable para la autorización de actos o contratos inscribibles que puedan lesionar o perjudicar los derechos del menor o el incapacitado.

Ahora bien, aplicando al acto de la segregación ese criterio de la posibilidad de lesión o perjuicio a los intereses del menor o incapacitado, contrario a lo que ordinariamente ocurre en la agrupación, pueden vislumbrarse situaciones que requieran la intervención judicial para que se justifique cumplidamente la ausencia de la lesión o perjuicio. El acto de la desmembración puede afectar adversamente el valor individual de los predios, especialmente del remanente, depen-

diendo de la forma en que se realice. Así lo hemos reconocido en casos de expropiación, *E.L.A.* v. *Fonalledas Córdova*, 84 D.P.R. 573, 588 *et seq.* (1962). Consideraciones de acceso a vías públicas principales y aislamiento de predios, proximidad a servicios públicos, la forma en que se puede afectar un futuro desarrollo compatible con las normas de desarrollo urbano, y otras que no es necesario enumerar, tienen pertinencia para formar un juicio sobre la cuestión para evitar lo que acertadamente califica el Registrador como una mutilación. Es el Tribunal Superior el foro apropiado para, con vista de todas las circunstancias, resolver que ningún perjuicio se causa al incapacitado. Además, generalmente una segregación se hace con un propósito específico que no es necesario consignar en la escritura, ordinariamente para una disposición ulterior. Es cierto que en cuanto a la enajenación es necesaria la intervención judicial, pero cuando se recurre al tribunal en gestión de su autorización, la segregación ya es un *fait accompli.*

Nos parece más segura la posición de requerir que la segregación esté sujeta a la previa autorización judicial.

*Se confirmará la nota recurrida.*