CARLOS F. FRANCESCHI ET AL., demandantes y recurridos, *v.* TEXACO PUERTO RICO, INC., demandada y recurrente.

*Número:* R-73-145 *Resuelto:* 29 de abril de 1975

*Beverley, Rodríguez, Estrella & Pesquera, Igor Domínguez* y *Jorge Rodríguez Micheo,* abogados de la recurrente; *Miguel A. Velázquez Rivera* y *C. R. Urrutia de Basora,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El 26 de abril de 1960 el recurrido Franceschi, dueño de una estación de servicio de gasolina y la corporación Texaco Puerto Rico, Inc., hicieron el siguiente negocio: Texaco prestó a Franceschi $22,000.00 con interés al 4% anual a devolverse por el deudor en término de 20 años mediante plazos mensuales de $133.32. El deudor y su esposa garantizaron el préstamo con hipoteca constituida sobre un edificio de hormigón de dos plantas, del cual la principal o baja se destinaba a estación de servicio. Simultáneamente el deudor Franceschi dio en arrendamiento a Texaco dicho local comercial de la estación por término de veinte años y canon de $200.00 por mes. Dicho arrendamiento se formalizó en documento público que eventualmente fue inscrito en el Registro de la Propiedad. Se reguló en el mismo el derecho de las partes a desistir del arriendo.(1) Texaco podía hacerlo con simple notificación

---

(1) Las cláusulas de desistimiento disponen:

de seis meses; el arrendador Franceschi sólo podría desistir pasados los primeros 4 años y sólo si obtenía un comprador que se obligara a no instalar en el local estación para despacho de gasolina, estipulándose además una opción preferente de Texaco para comprar por el mismo precio que ofreciera el tercero. Acto seguido se suscribe un documento privado legalizado por notario, pero no inscribible, mediante el cual la arrendataria Texaco subarrienda a su deudor Franceschi el local que acaba de tomar en arrendamiento, por el mismo canon mensual de $200 y término de 19 años y 11 meses. Este canon de subarriendo cancela y compensa el de $200 que hubiese tenido que pagar Texaco en el arrendamiento original a su favor. Los curiosos contratos simultáneos de arrendamiento y subarrendamiento no presentan explicación ni causa. Sí producen el resultado práctico de reducir al deudor hipotecante a la condición de arrendatario o inquilino de lo que es suyo, sin beneficio económico en el trueque de cánones. Una ulterior y grave limitación de su derecho de dominio se produce cuando su acreedora Texaco se convierte en arrendataria del local por 20 años

---

(a) *Por el arrendador Franceschi*

". . . En cualquier momento después de los primeros cuatro años de vigencia de este contrato de arrendamiento los arrendadores esposos Franceschi-Pérez podrán cancelar, rescindir y dejar sin efecto alguno este contrato siempre y cuando que notifiquen a la arrendataria por escrito y con no menos de sesenta días de anticipación a la fecha de efectividad de tal cancelación el ejercicio del derecho que les queda aquí reservado; disponiéndose, sin embargo, que los arrendadores no podrán hacer uso del derecho de cancelación o rescisión aquí mencionado a menos que previa notificación por escrito a la arrendataria, hubiesen formalizado alguna transacción de venta o arrendamiento de la finca objeto de este contrato y siempre y cuando que el uso y disposición que haya de darse a la propiedad objeto de este contrato por los nuevos dueños o arrendatarios de la misma no sea el de estación de servicio de gasolina."

(b) *Por la arrendataria Texaco*

"DECIMACUARTA: La arrendataria podrá cancelar y dar por terminado el presente contrato en cualquier momento previa notificación por escrito a los arrendadores con seis meses de antelación a la fecha de efectividad de tal cancelación o rescisión."

con título inscrito en perjuicio de tercero, mientras el subarrendamiento constituido bajo afidávit no trasciende la esfera de los contratantes.

El deudor ha ofrecido a su acreedora pagar por anticipado el balance íntegro de la hipoteca pero ésta rehúsa el pago amparándose en la ausencia de una cláusula que así lo permita en la escritura de constitución del crédito. Franceschi acudió al tribunal con una acción de sentencia declaratoria en la que ambas partes solicitaron sentencia sumaria fundada en la contratación que hemos reseñado. La sala de instancia calificó los contratos como de adhesión y resolvió (1) que el deudor y arrendador original tiene igual derecho que Texaco a desistir del arrendamiento sin más requisito que una notificación de 60 días; y (2) que el deudor, no obstante el silencio de la escritura de hipoteca, puede acelerar su pago o saldar la misma en cualquier tiempo. Expedimos auto para revisar.

■ El contrato de arrendamiento entre deudor y acreedora es inexistente. (Art. 1312 del Código Civil, 31 L.P.R.A. sec. 3391.) Carece de causa pues el pago de canon fue inmediatamente anulado por el subarrendamiento. Todo resulta un artificio en que la arrendataria Texaco no ha de cumplir la esencial obligación de pagar el precio del arrendamiento en los términos convenidos (Art. 1445 del Código Civil) pues queda exonerada de inmediato de dicha fundamental prestación al subarrendar por el mismo canon a su propio arrendador, resultando en tal distorsión de la voluntad contractual que a la postre viene Franceschi a ser arrendatario de lo que le pertenece, sin percibir precio, compensación ni utilidad de clase alguna a pesar de que enajena por un período de veinte años la posesión y disfrute de lo que es suyo. "[La obligación de pagar el precio del arrendamiento] es la primera y la más sustancial de todas las obligaciones del arrendatario, la que pone de manifiesto de más ostensible manera el carácter bilateral del contrato, pues si le es debido el goce

y uso de la cosa, es a causa de la obligación de pagar el precio y si éste debe ser satisfecho por él es por razón del disfrute que se le reconoce. Esta obligación es de las esenciales, de las que no pueden derogarse ni sustituirse por otra, porque entonces el contrato dejaría de ser de arrendamiento. La esfera de eficacia de la voluntad de las partes queda reducida a pactar la forma, plazos, condiciones y modalidades del pago del precio; pero no puede llegar hasta relevar al arrendatario de ese pago dejando subsistente el arrendamiento." Manresa, *Comentarios al Código Civil Español,* Tomo X, Vol. 2, pág. 136, Sexta edición (1969). Por lo extendido del término de este arrendamiento, por su esencial efecto de coartar y restringir por todo el plazo de veinte años, que es también el de la hipoteca, el derecho dominical del deudor, anulando su libertad de vender el inmueble gravado, (²) este diseño contractual está dirigido a conceder a la acreedora hipotecaria un control económico sobre el inmueble que excede en mucho la garantía lícita que provee la hipoteca, y está a un paso del pacto comisorio proscrito por el Art. 1780 del Código Civil (31 L.P.R.A. sec. 5048).

■ Los pactos prohibitivos de la facultad dispositiva del deudor no siempre se identifican por su forma externa, sino por su efecto último. Como se dijo en la exposición de motivos de la Ley Hipotecaria de 1861 del pacto de no volver a hipotecar, se trata de "una condición onerosa, que no debe tener fuerza civil obligatoria por carecer de objeto, por disminuir innecesariamente *sin justicia,* y sin explicación

---

(²) En una economía de acelerado ritmo y grandes mutaciones no tiene atractivo para ningún comprador una propiedad cedida en arrendamiento por el término de casi una generación; y menos cuando no podrá usarla conforme a su destino estructural y ubicación para su mejor provecho. Se llega a una virtual prohibición de enajenar por la duración de la hipoteca.

Se completa la restricción con la imposición al deudor hipotecante por la cláusula Quinta (g) de la escritura de constitución de ". . . no vender, donar, ni en ninguna otra forma ceder ni traspasar la finca hipotecada a terceras personas sin haber obtenido el consentimiento por escrito de la acreedora."

posible, el crédito territorial, y por parecer más que una garantía, una exigencia exorbitante arrancada a la situación angustiosa en que en momentos dados puede encontrarse el propietario." La inoperancia y condenación del pacto de no volver a hipotecar (Art. 107(4) de la Ley Hipotecaria, 30 L.P.R.A. sec. 203(4) ha sido extendida por jurisprudencia al que prohíbe *enajenar*. Roca Sastre, *Derecho Hipotecario*, Tomo 4, Vol. 1, págs. 409, 411, Sexta edición (1968).

 Por ser la trabazón de contratos simultáneos de hipoteca, arrendamiento y subarrendamiento **un mecanismo restrictivo** de la libre contratación y del derecho de disposición de su propiedad por el deudor hipotecante, es contrario a la ley, la moral y el orden público. Art. 1207 del Código Civil (31 L.P.R.A. sec. 3372). Y siendo ficticio, inexistente y espurio el contrato de arrendamiento, ninguna eficacia tiene su cláusula condicionando la facultad del arrendador para resolver el mismo. Art. 1227 del Código Civil.

 El segundo obstáculo puesto en el camino a este deudor que desea librarse de la hipoteca, es la omisión de un pacto en el título constitutivo del crédito, que autorice el pago anticipado. También para este caso provee el Código Civil, ese generoso manantial de derechos que habrá de alumbrar en cuantas ocasiones se le confronte con la inequidad. Su Art. 1080 dispone que siempre que en las obligaciones se designa un término, se presume establecido en beneficio de acreedor y deudor, a no ser que del tenor de aquéllas o de otras circunstancias resultan haberse puesto en favor del uno o del otro.

Son circunstancias indicativas de que el término en esta hipoteca se estableció para beneficio del deudor las siguientes: (a) que según surje de autos, la acreedora Texaco no se dedica a prestar e invertir dinero, sino a vender gasolina, por lo que no podía ser su intención derivar de este negocio las utilidades sucesivas de pago de *intereses*

que caracterizan la inversión lucrativa; (b) el tipo bajo de interés de 4% anual y los módicos plazos de amortización de sólo $133.32 mensuales son ventajas para el deudor obtenibles mediante la dispersión de los pagos en el largo período de veinte años; y (c) al tiempo de la constitución del crédito no hay indicio de que el deudor tuviera capacidad económica para asumir la obligación de pagar la deuda en término más breve que el acordado. Cuando del tenor de la obligación y de circunstancias coetáneas a su constitución el plazo resultare establecido en favor del deudor, podrá éste utilizarlo oponiéndose eficazmente a las reclamaciones prematuras, ó renunciarlo, anticipando el pago. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, Tomo 3, 11ma. edición (1974), págs. 174, 175; Manresa, *Comentarios al Código Civil Español*, Tomo 8, Vol. 1, Sexta ed. (1967), pág. 449. En el caso que resolvemos, el silencio de la escritura ha sido superado por la evidente realidad extrínseca. El deudor recurrido tiene derecho a renunciar el plazo y pagar la hipoteca en cualquier tiempo.

*Se modificará la sentencia revisada sólo en cuanto exige notificación del arrendador original a su arrendataria para resolver el arrendamiento, toda vez que dicho contrato no tiene eficacia alguna, y así modificada la sentencia de instancia es por la presente confirmada.*

El Juez Presidente, Señor Trías Monge, se inhibió.