JOSÉ R. ALGARÍN y CARMEN R. ALGARÍN, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN II DE CAGUAS, recurrido.

*Número:* O-80-562          *Resuelto:* 13 de enero de 1981

*Meléndez, Rey, Rodríguez & Morán,* abogados de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La transición entre una nueva ley y la ley anterior que aquélla sustituye, siempre produce incertidumbre en torno a su efecto sobre realidades previas a la vigencia de la nueva ley. El problema se hace singularmente agudo cuando esa realidad ya se ha sometido a un proceso legal al amparo de la anterior ley y está en trámite al momento de producirse el cambio en la ley.

Corresponde al legislador disponer lo que estime prudente para facilitar la transición y garantizar los derechos adquiridos bajo la ley anterior. Al hacerlo, debe mantener presente un principio fundamental en todo sistema de ley: los ciudadanos actúan confiando en el estado de Derecho vigente al momento de su actuación y de esa confianza depende en gran medida la armonía social que es objeto del Derecho. Al aplicar lo dispuesto por el legislador, los tribunales deben compartir la tarea de facilitar a los ciudadanos y a los abogados que los aconsejan la interpretación de cuál debe ser su proceder ante un cambio en el Derecho, y proteger los derechos adquiridos bajo el anterior estado.

Estas consideraciones son particularmente importantes en el área del Derecho Registral e Hipotecario, el cual precisamente pretende generar y garantizar jurídicamente la confianza pública en la existencia de determinadas realidades y derechos, a través de unos procesos sumamente técnicos y precisos. En el presente caso, el recurrente se ha visto involucrado en un estado de confusión con respecto al complejo proceso registral, por razón de haber iniciado un trámite en los momentos en que se producía la transición entre la Ley Hipotecaria de 1893 (en adelante "la Ley Anterior"), 30 L.P.R.A. sec. 1 *et seq.*, T. 6A, y la Ley Hipotecaria y del Registro de la Propiedad, Ley Núm. 198 de 8 de agosto de 1979 (en adelante "la Nueva Ley"), 30 L.P.R.A. sec. 2001 *et seq.*, Supl. Acum. T. 7, 1980, que entró en vigor en 8 de agosto de 1980.

El 15 de mayo de 1980, cuando aún estaba vigente la ley anterior, el recurrente presentó para inscripción a la Sec. II

del Registro de la Propiedad de Caguas una escritura de segregación de una finca. Al amparo del Art. 19 de dicha ley, 30 L.P.R.A. sec. 44, el Registrador le notificó un defecto consistente en que la Ley Núm. 107 de 3 de junio de 1974 prohibía la segregación objeto de la escritura presentada por ser una lotificación de terrenos dedicados a fines agrícolas. Mediante una carta dirigida al Registrador el 3 de julio de 1980, el presentante objetó la notificación de defecto que le comunicó el Registrador, por no ser dicha Ley Núm. 107 de aplicación a la segregación efectuada. El Registrador no actuó sobre la objeción del presentante por haberse ausentado de vacaciones, según surge de una comunicación oficial de la oficina del Registro. Estando así suspendido el trámite del documento presentado, entró en vigor la nueva ley el 8 de agosto de 1980. Desde entonces, el Registrador no actuó sobre el documento aludido. El recurrente interpuso recurso gubernativo el día 4 de octubre y el Registrador nos solicitó la desestimación.

Sostiene el Registrador que debe desestimarse el recurso por no haberse cumplido con los requisitos que debe reunir un recurso gubernativo ni bajo la ley anterior ni bajo la nueva ley. Acepta el Registrador que su comunicación del 10 de junio de 1980 (bajo la ley anterior) fue una mera notificación de defecto que no constituía una denegatoria o suspensión que diere derecho a entablar recurso gubernativo bajo la ley anterior. 30 L.P.R.A. secs. 1771–1777. Por otro lado, sostiene que de entenderse que aquella notificación de defecto equivalía a una denegatoria bajo la ley anterior, el interesado tenía 20 días para instar el recurso, cuyo plazo había vencido desde el 30 de junio pasado.

Por otro lado, el Registrador sostiene que aun considerándose el recurso bajo las disposiciones de la nueva ley, el interesado debía reproducir su objeción a la notificación de defecto original para que la misma pudiera ser considerada como una solicitud de "recalificación", para lo cual tenía 20 días a partir del 8 de agosto de 1980, fecha en que entró en

vigor la nueva ley. 30 L.P.R.A. sec. 2273. Señala el Registrador que al no haberse solicitado la recalificación, según lo requiere la nueva ley, no tiene obligación en ley de denegar la inscripción ni procede la interposición de un recurso gubernativo. Añade el Registrador que la nueva ley contiene un plazo de caducidad de 60 días a partir de su vigencia para corregir el defecto señalado en la notificación original bajo la ley anterior, y, puesto que el término no se interrumpió por ninguna otra razón, el asiento de presentación caducó y así se hizo constar al margen del asiento.

▮▮ El Registrador tiene razón en cuanto a que estando pendiente de calificación final al entrar en vigor la nueva ley un documento sobre el cual ya se había hecho una notificación de defecto bajo la ley anterior, cobra nueva vida esa anterior notificación, tal como si fuera una notificación de falta bajo el Art. 69 de la nueva ley, 30 L.P.R.A. sec. 2272, y, por tanto, son de aplicación los términos de la nueva ley en cuanto a la vigencia de los asientos de presentación pendientes. Art. 255 (30 L.P.R.A. sec. 2821). Siguiendo ese razonamiento, el término de caducidad respecto al asiento de presentación que señala el Art. 52 de la nueva ley —30 L.P.R.A. sec. 2255— comenzaría a correr en la fecha de vigencia de la nueva ley, y, por tanto, también comenzaría a correr en esa fecha el término para solicitar la recalificación dispuesto por el Art. 70 —30 L.P.R.A. sec. 2273— con respecto a todos los documentos pendientes de inscripción, sin necesidad de que el Registrador hiciera una nueva notificación del defecto que ya había sido señalado. Pero en el caso de autos, estando pendiente al entrar en vigor la nueva ley la resolución de las objeciones planteadas por el presentante en 3 de julio bajo la ley anterior, el Registrador venía obligado a considerarlas como una petición de recalificación bajo el nuevo Art. 70 y resolverlas como tal.

▮▮ El legislador dispuso que la notificación de defecto hecha antes del cambio de ley cobra eficacia como si fuera

hecha bajo la nueva ley. Sin embargo, omitió expresar el efecto que tendría una oposición del interesado a dicha notificación enviada mientras regía la ley anterior, y con respecto a la cual el Registrador no hubiese actuado al ocurrir la transición entre las dos leyes. Es forzoso concluir, sin embargo, que si la "calificación" bajo la ley anterior es efectiva bajo la nueva ley, la oposición a dicha calificación debe equipararse con la petición de "recalificación" que exige la nueva ley, que requiere afirmativamente al Registrador que actúe sobre la petición. Si éste decidiere denegar, deberá hacerlo dentro de los 30 días de la solicitud, extendiendo en su lugar anotación preventiva sobre la finca afectada. Art. 71 (30 L.P.R.A. sec. 2274). Es de esa acción del Registrador que el interesado puede radicar recurso gubernativo ante este Tribunal para lo cual tiene un plazo de 20 días desde la notificación de la denegatoria, Art. 77 (30 L.P.R.A. sec. 2280). El Registrador, sin embargo, en lugar de resolver la petición de recalificación pendiente, se amparó erróneamente en la nueva disposición que declara la caducidad de los asientos de presentación sobre los que se haya notificado un defecto, salvo si el término queda interrumpido por las causas que enumera la Ley en el Art. 52, *supra.*

Al entrar en vigor la nueva ley, el Registrador tenía ante sí la carta del presentante en la que se oponía a la calificación y exponía los fundamentos legales de dicha oposición, cuya oposición equivalía, según dijimos antes, a una petición de recalificación. El recurrente podía, pues, confiar en que correspondía al Registrador tomar la acción pertinente. En ausencia de una expresión al efecto, no podemos presumir que, en circunstancias como las aquí presentes, el legislador intentara requerir que el presentante sometiera nuevamente, bajo la nueva ley, un escrito oponiéndose a la calificación original, máxime cuando la consecuencia última de tal presunción equivaldría, ante los hechos presentes en este caso, a dejar al pre-

sentante sin protección registral, por caducidad del asiento de presentación. (¹)

■ El Art. 52, *supra*, dispone que la notificación de una solicitud de recalificación interrumpe el término de caducidad del asiento de presentación. Por tanto, si la solicitud de recalificación estaba aún pendiente de resolver al entrar en vigor la nueva ley, el término de caducidad quedaba interrumpido por dicha solicitud de recalificación que ya estaba ante el Registrador.

■ El Registrador venía, pues, obligado a recalificar y notificar por escrito su determinación final al presentante, según ordena el Art. 71, *supra*. Su negativa a calificar por motivos procesales sin que emitiera juicio por escrito, no pudo tener el efecto de una denegatoria definitiva. (²)

En mérito de lo anterior, *se ordenará al Registrador recurrido que cancele la nota de caducidad del asiento de presentación, cancele cualesquiera asientos incompatibles que haya anotado desde la fecha de la nota de caducidad, consigne el rango correspondiente de aquellos documentos que no fueran incompatibles y proceda a recalificar la escritura presentada dentro del término dispuesto por la Nueva Ley y su Reglamento.*

El Juez Asociado Señor Díaz Cruz concurre en el resultado sin opinión. El Juez Asociado Señor Dávila no intervino.

---

(¹)Aunque el Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 1979 dispone en su Art. 82.3 que la petición de recalificación deberá estar identificada con el número del asiento de presentación correspondiente, sería injusto entender bajo las circunstancias presentes, que por ello venía el presentante obligado a someter un nuevo escrito. Su escrito anterior cumple sustancialmente con los demás requisitos de la petición de recalificación.

(²)El Art. 66.3 del Reglamento dispone que si el Registrador no actuase sobre el documento dentro del término fijado por la ley, "podrá el interesado acudir en queja ante el Registrador concernido, y en caso necesario ante el Director Administrativo" para que éste lleve a cabo la investigación que corresponda.