# 2006 DTA 77

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN**

AL AMANA CORPORATION T/C/C AL MANA CORPORATION
Apelante

v.

ESSO STANDARD OIL COMPANY (PUERTO RICO) Y
MOHAMED AWADALLOH ODEH
Apelado

Núm. KLAN-2006-00419

San Juan, Puerto Rico, a 1 de mayo de 2006

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Miranda De Hostos y la Juez Pabón Charneco

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelante Al Amana Corporation, acude de una sentencia emitida por el Tribunal de Primera Instancia, Sala de Bayamón, que desestimó su demanda sobre sentencia declaratoria.

Alega en síntesis la apelante, primero, que el foro de instancia incidió al desestimar su demanda enmendada sobre sentencia declaratoria, fundamentado en que su reclamación no justificaba la concesión de un remedio. Como segundo error, al no incluir el foro de instancia en su dictamen desestimatorio, los fundamentos respecto a si aplicaban las leyes sobre distribución de gasolina y asuntos antimonopolísticos. Tercero, que incidió el foro apelado al rechazar la teoría jurídica que el efecto del contrato de arrendamiento, fue de segregar la finca sin cumplirse con la ley; y cuarto, al imponerle honorarios de abogado.

Sin mayores trámites, se confirma el dictamen emitido por el Tribunal de Primera Instancia. Regla 53.11 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Veamos los fundamentos de nuestro dictamen.

### I

Los hechos tuvieron su origen el 29 de marzo de 2004, cuando la apelante Al Amana Corporation (en adelante Al Amana), adquirió titularidad sobre el inmueble donde ubica la estación de gasolina, por compraventa que le hiciera a José Cabranes de León y su esposa Ramona Maldonado Negrón, en virtud de la escritura número 16, otorgada en Bayamón, Puerto Rico, ante el notario Roberto Alonso Santiago. (Ap. 5, págs. 73-79.) Con el fin de obtener el financiamiento que le permitiera llevar a cabo la compraventa de tal inmueble, la apelante otorgó en igual fecha escritura de hipoteca en garantía de un pagaré a favor de Banco Popular de Puerto Rico, por la suma principal de $1,700,000, devengando intereses al tipo del 2% sobre la tasa de interés preferencial. (Ap. 6, págs. 80-95.)

El inmueble objeto de compraventa, se encontraba afecto a un contrato de arrendamiento por el término de 20 años a favor de ESSO Standard Oil Company (en adelante ESSO), en virtud de escritura suscrita entre éste y los anteriores dueños del inmueble, José Cabranes de León y Ramona Maldonado Negrón. (Ap. 8, págs. 98-112.) Dicho contrato fue presentado para inscripción en el Registro de la Propiedad por ESSO, en noviembre de 1998, y así consta inscrito. (Ap. 6, págs. 80-95.)

El 15 de abril de 2004, la apelante Al Amana le notificó mediante carta enviada por correo certificado a ESSO, que había adquirido mediante compraventa la titularidad del inmueble sobre el que ubica su estación de gasolina. A su vez, le solicitó copia de la escritura de arrendamiento en la cual ESSO ostentaba la posesión de la estación de gasolina y que le enviara el pago del canon de arrendamiento pactado, a su dirección postal. (Ap. 9, págs. 113-114.)

Por su parte, el representante legal de la apelada ESSO, le contestó a la apelante en su parte pertinente lo siguiente:

"*Como es de su conocimiento, Esso Standard Oil Company (Puerto Rico) arrendó del Sr. José Anibal Cabranes y la Sra. Ramonita Maldonado la propiedad localizada en la Carretera #159, Km. 16.2, Bo. Palmarejo, Corozal (la "Propiedad"); cuyo arrendamiento se formalizó en la Escritura Número 4 del Notario Alfredo Raffucci Carrión del 3 de marzo de 1997 (el "Arrendamiento"). El Arrendamiento se otorgó y se presentó en el Registro de la Propiedad con anterioridad a que su cliente adquiriera la propiedad en cuestión el 29 de marzo de 2004; su cliente adquirió la Propiedad sujeto a todos los términos y condiciones del Arrendamiento.*

*Según su solicitud, adjunto copia del Arrendamiento para su referencia.*"

**Los términos del arrendamiento requirieron que ESSO pre-pagara el canon de arrendamiento mensual correspondiente a los primeros 133 meses del término del mismo.** Así lo hacen constar las partes claramente en el Párrafo Tercero del Arrendamiento. **A esos efectos, ESSO no tiene que pagar a su cliente el canon mensual bajo el Arrendamiento hasta el 24 de mayo de 2008.** (Énfasis suplido.)

(Ap. 10, págs. 115-116.)

Así las cosas, el 9 de julio de 2004, Al Amana volvió a notificar a ESSO mediante carta certificada con acuse de recibo, que el no haber efectuado pago alguno a pesar de su requerimiento, constituia violación de las cláusulas del contrato de arrendamiento, que eran de estricto cumplimiento y esenciales a su vigencia y efectividad. (Ap. 11, págs. 117-118.) Transcurrido el término de 90 días concedido por la apelante para que ESSO corrigiera su alegado incumplimiento de pago, procedió a notificarle mediante carta certificada que daba por terminado el contrato de arrendamiento sobre la estación de gasolina. Le concedió 180 días para entregar la posesión de la propiedad y realizar los trabajos de remoción de todos los equipos y limpieza del terreno. Además, la reparación de cualquier daño que se ocasionara a la propiedad como consecuencia de dichos trabajos y de la anterior operación de la estación de gasolina. (Ap. 12, págs. 119-121.)

A su vez, la apelante Al Amana le cursó una carta por correo certificado con acuse de recibo al codemandado Awadalloh el 10 de noviembre de 2004, con copia a la codemandada aquí apelada ESSO, notificándole que el contrato de arrendamiento sobre la estación de gasolina, quedó terminado y sin efecto por falta de pago de los cánones de arrendamiento pactados, efectivo el 8 de noviembre de 2004. Le informó, que en vista de la terminación del contrato de arrendamiento de ESSO, no podía continuar poseyendo, ocupando y operando la estación de gasolina y que le tenía que entregar la posesión que ostentaba sobre dicha propiedad en un plazo de 15 días. (Ap. 13, págs. 122-123.)

Pasado el plazo de 30 días desde que la apelante le notificó a la ESSO sobre la terminación del contrato sin que ésta realizara gestión alguna para desalojar y entregar el inmueble objeto del contrato de arrendamiento, Al Amana presentó el 13 de diciembre de 2004 ante el tribunal de instancia, demanda de sentencia declaratoria, solicitando los remedios que en derecho entendía le asistían. (Ap. 3, págs. 13-28.) Dicha demanda fue enmendada el 24 de mayo de 2005, conforme lo autorizara el tribunal en la vista sobre los procedimientos celebrada el 8 de mayo de 2005. (Ap. 4, págs. 29-72.)

Tras varios incidentes procesales, el 8 de abril de 2005, la apelada ESSO presentó moción solicitando la desestimación de la demanda en su contra, al amparo de la Regla 10.2 de Procedimiento Civil. (Ap. 16, págs. 126-131.) Luego de otros incidentes procesales, el tribunal de instancia dictó sentencia parcial el 21 de octubre de 2005, desestimando la demanda de sentencia declaratoria presentada por la apelante. (Ap. 2, págs. 2-12.)

Inconforme con tal determinación, la apelante Al Amana acude ante nos en apelación.

## II

Expuestos los hechos pertinentes, procedemos a discutir los errores alegados y la norma jurídica aplicable.

## A

Como primer error, se alega por la apelante Al Amana, que el foro de instancia incidió al concluir que estaba impedida de impugnar la validez de una mención de promesa de pago por adelantado de cánones de arrendamiento contenida en el contrato de arrendamiento, por razón de éste haber sido presentado e inscrito en el Registro de la Propiedad.

El error no fue cometido. Veamos porqué.

El ordenamiento procesal civil dispone que las alegaciones de la demanda, tienen el propósito de informar al demandado de manera general sobre la reclamación en su contra. No se exigen fórmulas técnicas para la redacción de la demanda; basta con una alegación sucinta y sencilla del remedio solicitado. *Dorante v. Wrangler of P.R.,* 145 D.P.R. 408, 413 (1998); *Ortiz Díaz v. R. & R. Motor Sales Corp.,* 131 D.P.R. 835, 839 (1992); *Moa v. ELA,* 100 D.P.R. 573, 586 (1972). (Casos citados.)

Los tribunales deben conceder los remedios que en derecho procedan, aunque no se hayan perfectamente solicitado en la demanda por el demandante. *Ortiz Rivera v. P.R.T.C.,* opinión de 10 de agosto de 2004, **2004 J. T.S. 139**, pág. 111; *Soto López v. Colón,* 143 D.P.R. 282, 291 (1997).

Ahora bien, procederá la desestimación de la demanda si *"deja de exponer una reclamación que justifique la concesión de un remedio [...]".* Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Para disponer de una moción de desestimación, se deben dar por buenas todas las alegaciones fácticas de la demanda. Procede la desestimación de la demanda si aún así, se demuestra que ésta no expone una reclamación que justifique que se conceda un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 D.P.R. 497, 505 (1994); *Unisys v. Ramallo Brothers,* 128 D.P.R. 842, 858 (1991).

Las alegaciones de la demanda se deben examinar de la manera más favorable al demandante y sólo procede desestimarse si de éstas *"no se puede deducir el derecho a la consecución de remedio alguno".* *Montañez v. Hosp. Metropolitano,* opinión de 24 de mayo de 2002, **2002 J.T.S. 80**, pág. 1225; *Agosto v. Mun. de Río Grande,* 143 D.P.R. 174, 178-179 (1997).

En resumen, procede la desestimación de la demanda si surge:

*"[...] con toda certeza que el demandante no tiene derecho alguno, bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación."*

*Quiñones v. Rodríguez Luciano,* opinión de 14 de febrero de 2005, **2005 J.T.S. 21**, pág. 747.

## B

En cuanto a los contratos de arrendamiento y el Derecho Hipotecario, y su aplicación al presente recurso, la norma jurídica es la que a continuación exponemos.

El contrato de arrendamiento se configura cuando una de las partes *"se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto".* Art. 1433, Código Civil, 31 L.P.R.A. sec. 4012. *Véase, Del Toro v. Blasini,* 96 D.P.R. 676, 683 (1968). La obligación de pagar el precio del arrendamiento es *"la más sustancial de todas las obligaciones del [contrato de] arrendamiento [...]".* Las partes pueden acordar la forma,

plazos, condiciones y modalidades de paso, pero ello no puede relevar al arrendatario de ese pago *"dejando subsistente el arrendamiento"*. *Franceschini v. Texaco P.R., Inc.,* 103 D.P.R. 759, 763 (1963); Manresa, *Comentarios de Código Civil Español*, Tomo X, Vol. 2, pág. 136, 6<sup>ta.</sup> Ed. (1969).

El Artículo 38 de la Ley Hipotecaria, establece que:

*"En el Registro de la Propiedad se inscribirán los títulos, actos y contratos siguientes:*

*1ro. [...]*

*2do. [...[*

**3ro. Arrendamiento de bienes inmuebles por un período de seis (6) años o más, o cuando hubiese convenio de las partes para que se inscriban.**

*También los subarrendamientos, subrogaciones, cesiones, siempre que reúnan las circunstancias antes expresadas. (Énfasis suplido.)*

*[...]"*.

30 L.P.R.A. sec. 2201.

Un contrato de arrendamiento debidamente inscrito en el Registro de la Propiedad, constituye un derecho real que surte efecto contra tercero. *Garaje Coop. v. ARCO Caribbean, Inc.,* 111 D.P.R. 52, 54 (1981). *Véase,* además, *Saavedra v. Central Coloso, Inc.,* 85 D.P.R. 421, 422 (1962). El jurista Roca Sastre sostiene que el arrendamiento inscrito impone la subrogación en los derechos y obligaciones propias del arrendador, en la persona del posible tercer adquirente. *Derecho Hipotecario*, 7<sup>ma.</sup> ed., Barcelona, Ed. Bosch, 1979, T. III, pág. 528.

Asimismo, el Código Civil establece en su Artículo 1461 que el comprador de una finca arrendada tiene derecho a que termine el arriendo vigente al verificarse la venta, *"salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria"*. 31 L.P.R.A. sec. 4068.

Abundando sobre el particular, la glosa española reconoce que:

*"Inscrito el arrendamiento, las circunstancias cambian por completo, la inscripción al hacer público el derecho del arrendatario, obliga a su general respeto, y aunque la finca cambie de dueño, no puede el nuevo adquirente despedir al arrendatario, teniendo éste, por lo tanto, un derecho firme."*

Morell y Terry, *Comentarios a la Legislación Hipotecaria*, 2da. Ed., Madrid, Ed. Reus, 1925, T. I, Vol. II, pág. 452.

En cuanto a la fecha de efectividad de la inscripción de títulos en el Registro de la Propiedad, el Artículo 53 de la Ley Hipotecaria de 1979 dispone que los títulos inscritos surtirán efecto en cuanto a terceros desde la fecha de su inscripción. Se considerará como fecha de inscripción para todos los efectos que ésta deba producir, aun para determinar el plazo necesario para la cancelación de asientos, *"la fecha de la presentación que deberá constar en la inscripción misma"*. 30 L.P.R.A. sec. 2256. *Cf. Algarín v. Registrador,* 110 D.P.R. 603, 605 (1981).

## C

Conforme a la norma jurídica expuesta, no incidió el tribunal de instancia al desestimar la demanda.

Según surge de la escritura pública otorgada el 24 de abril de 1997 entre la apelada ESSO y José Cabranes de León *et als.*, ambas partes habían suscrito un contrato de arrendamiento respecto a un inmueble localizado en el barrio Palmarejo de Corozal, para operar una estación de gasolina. (Ap. 8, págs. 98-112.) Acorde a las cláusulas de dicho contrato, el arrendamiento tendría una vigencia de 20 años a favor de ESSO. Respecto al canon de arrendamiento, la cláusula tercera dispone específicamente que:

*"El canon de este arrendamiento lo constituye la suma mínima de TRES MIL DÓLARES ($3,000.00) mensuales.* **El "ARRENDADOR" [José Aníbal Cabranes y Ramona Maldonado Negrón] recibirá dentro de los próximos quince (15) días la cantidad de TRESCIENTOS NOVENTA Y NUEVE MIL DOLARES ($399,000) por concepto de arrendamiento por adelantado, equivalentes a ciento treinta y tres (133) meses de contrato,** *correspondiente a los primeros trece (13) años de contrato y basado en un volumen mensual de cien mil (100,000) galones de gasolina y diesel, comprados a la Esso cada mes durante la vigencia del contrato. [...]."* (Énfasis suplido.)

(Ap. 8, pág. 100.)

Considerando el hecho que la apelada ESSO presentó dicho contrato de arrendamiento ante el Registro de la Propiedad para su inscripción en noviembre de 1998 y así lo acepta la apelante Al Amana en su escrito de apelación, es evidente que era oponible a terceros desde entonces, con todos sus términos y condiciones. (*Véase*, Alegato de apelación, pág. 1.) Del expediente surge que la apelante Al Amana adquirió el inmueble en cuestión mediante contrato de compraventa, el 29 de marzo de 2004. Es decir, que a la fecha de efectuarse tal contrato de compraventa, ya la propiedad estaba sujeta al arrendamiento de la ESSO inscrito en el Registro de la Propiedad de Puerto Rico. La cláusula estipulada en el contrato de arrendamiento incluyendo la promesa de pago adelantado, es oponible a terceros, en este caso a la apelante Al Amana.

Por lo tanto, analizadas las alegaciones de la demanda de la manera más favorable para su promovente Al Amana, no demuestran que se justifique la concesión del remedio solicitado que se *"cancele"* el referido contrato de arrendamiento.

Es un hecho incontrovertible que el canon de arrendamiento y las condiciones pactadas, eran la causa del contrato de arrendamiento y precisamente, lo que motivó su inscripción en el Registro de la Propiedad, a fin de darlo a conocer a terceros. Evidentemente, el prepago de 113 cánones equivalentes a 133 meses de contrato, era una de las condiciones pactadas en el contrato de arrendamiento, y se requería su fiel cumplimiento.

Ante tales circunstancias, concluimos que no incidió el tribunal de instancia al determinar que la promesa de pago por adelantado de cánones de arrendamiento, contenida en dicho contrato de arrendamiento inscrito en el Registro de la Propiedad, le era oponible a terceros, incluyendo a la apelante Al Amana.

Es un hecho cierto que ESSO cumplió con los pagos del contrato de arrendamiento pactados, por lo cual tiene derecho a que se le dé fiel cumplimiento por Al Amana, según sus términos y condiciones.

Por último, respecto a la expresión hecha por el foro de instancia en su dictamen, sobre el caso de *Franceschini v. Texaco P.R., Inc., supra,* entendemos que es sólo a fin de resaltar que el canon pactado es la causa del contrato de arrendamiento. Que precisamente, lo que motivó la inscripción en el Registro de la Propiedad del contrato, fue dar a conocer a terceros el arrendamiento sobre la propiedad, el canon y las condiciones acordadas. (*Véase*, Sentencia TPI, Ap. 2, págs. 9-10.)

Por lo tanto, al constituirse como un gravamen el contrato de arrendamiento de la finca y ser inscrito en el Registro de la Propiedad, le informaba a terceros sobre el gravamen y las condiciones que dicho contrato le imponía al inmueble.

La expresión del foro de instancia sobre tales extremos, es correcta en derecho.

### III

Como segundo error, alega la apelante que el foro de instancia incidió al desestimar su demanda enmendada y todas sus causas de acción, sin ninguna discusión de los fundamentos de derecho aplicables, entre ellos, sobre la inscripción del contrato en el Departamento de Asuntos del Consumidor (DACO). Además, por la alegada violación a la legislación antimonopolística y sobre la distribución de gasolina.

Tampoco le asiste la razón.

En cuanto a la inscripción del contrato de arrendamiento ante DACO, nos limitamos a exponer que ello no es constitutivo para su validez legal, conforme a la legislación vigente. Además, el Reglamento Núm. 2758 de 25 de marzo de 1981, conocido como Reglamento para la Determinación de los Cánones de Arrendamiento de las Estaciones de Gasolina, le impone al arrendador la obligación de inscribir el contrato. Reglamento Núm. 2758, *supra*, Art. 4(A). En este caso, los dueños de la propiedad José Cabranes de León y Ramona Maldonado Negrón comparecieron en el contrato como arrendadores del inmueble y ESSO, como arrendatario. Por lo cual, le competía a los arrendadores, el inscribirlo en DACO y no a ESSO, que es la arrendataria. En resumen, la alegación no tiene fundamento jurídico.

Respecto a si aplica la legislación antimonopolística, basta con exponer que ESSO informó el contrato de arrendamiento a la Oficina de Asuntos Monopolísticos del Departamento de Justicia. En resumen, ESSO cumplió con el estatuto correspondiente. (Ap. 19, pág. 175.) Art. 10, Ley de Control de Productos Refinados y Distribuidores Mayoristas de Gasolina. 23 L.P.R.A. sec. 1110.

Por otra parte, no estamos ante una sentencia escueta y sin fundamentos jurídicos. Todo lo contrario, tras haber expuesto detalladamente los hechos y el derecho aplicable a la controversia ante su consideración, el foro de instancia sostuvo específicamente que:

"[...] tomando de la manera más favorable a Al Mana las alegaciones de su demanda, la misma carece de exponer una reclamación en derecho contra la ESSO. Por consiguiente, procede la desestimación al amparo de la Regla 10.2 de Procedimiento Civil. Al Mana reconoce que la ESSO tiene inscrito en el Registro de la Propiedad a su favor un arrendamiento por el término de veinte (20) años el cual ahora pretende impugnar. Por lo tanto, determinamos que su reclamación contra la ESSO es frívola y temeraria."

(Ap. 2, pág. 11.)

Tras un examen de la sentencia aquí apelada, nos es forzoso concluir que la misma fue emitida conforme a derecho y bien fundamentada. Por lo cual, no se cometió el error señalado.

### IV

Como tercer error señalado, alega la apelante que el foro de instancia incidió al no determinar que el arrendamiento sobre una parte de la finca, tuvo el efecto de segregar la finca.

No le asiste la razón.

La segregación es un acto de dominio, mediante el cual el dueño de una finca decide por propia voluntad,

*"separar una parte de su finca para formar una nueva"*. *Mattei v. Registrador*, 94 D.P.R. 467, 471 (1967). *Véase*, *Banco Comercial v. Registrador*, 118 D.P.R. 773, 779-780 (1987).

En los casos en que se efectúe una segregación, *"la modificación lleva consigo la correspondiente minoración o eliminación de la finca registral correspondiente"*. R. Roca Sastre, *Derecho Hipotecario*, 7<sup>ma.</sup> ed., Barcelona, Ed. Bosch, 1968, T. II, pág. 495. *Véase*, además, Art. 3, Ley Orgánica de la Administración de Reglamentos y Permisos. 23 L.P.R.A. sec. 71b(h).

Para dilucidar tal controversia, basta con señalar que no estamos ante un caso de segregación de finca. No se ha separado parte de la finca objeto de estudio para formar una finca nueva. Tampoco, ésta ha sufrido reducción alguna en cabida ni se ha formado una finca nueva.

Del propio contrato de arrendamiento surge que el arrendador da y cede al arrendatario *"la propiedad descrita en el Párrafo PRIMERO de esta escritura"*. Dicho párrafo primero aquí aludido, describe todo el inmueble en su totalidad. Ahora bien, aún en el caso que el arrendamiento sólo incluya *"el área dedicada a la operación de una estación de servicios para la venta de productos de petróleo"*, no equivale a la segregación del inmueble en cuestión.

Asimismo, el hecho que ESSO haya inscrito un derecho real que recae sobre la propiedad, no equivale a que ESSO tenga su dominio y, por ende, posea la facultad de efectuar su segregación. ESSO solamente es el arrendatario del inmueble adquirido posteriormente por la apelante Al Amana, con un gravamen de arrendamiento según las condiciones estipuladas en el contrato contraído e inscrito en el Registro de la Propiedad.

Ante tales circunstancias, no se cometió el error alegado.

## V

Por último, el cuarto error, referente a los honorarios de abogado que le fueron impuestos al apelante por temeridad, tampoco fue cometido.

La Regla 44.1 de Procedimiento Civil, *supra*, dispone que cualquier parte que proceda con temeridad deberá pagar a la otra parte, una suma en concepto de honorarios de abogado, para resarcirla por los costos legales incurridos. *Montañez López v. U.P.R.*, opinión de 21 de marzo de 2002, **2002 J.T.S. 40**, pág. 857. La temeridad, significa toda aquella conducta de una parte litigante que permita que se celebre o se prolongue un litigio innecesariamente o que obliga a otra parte a litigar, por su contumacia u obstinación. *O.E.G. v. Román González*, opinión de 1 de mayo de 2003, **2003 J.T.S. 74**, pág. 974; *Domínguez Vargas v. G.A. Life*, opinión de 12 de julio de 2002, **2002 J.T.S. 110**, pág. 21.

La concesión de honorarios de abogado por temeridad, depende de la sana discreción del tribunal sentenciador. El tribunal apelativo no debe modificarla ante la ausencia de abuso del ejercicio de la discreción judicial. *Montañez López v. U.P.R.*, *supra*, pág. 858; *Ramos Báez v. Bossolo López*, 143 D.P.R. 567, 571-572 (1997). Se define discreción, como la conclusión a la cual llega un tribunal para hacer justicia, sin abstracción del derecho. *Ramírez Ferrer v. Pol. de P.R.*, opinión de 26 de diciembre de 2002, **2003 J.T.S. 3**, pág. 376.

Concluimos, que no incidió el foro de instancia al imponerle a Al Amana honorarios de abogado por temeridad, pues es un hecho cierto e incontrovertible que ESSO tiene un contrato de arrendamiento debidamente inscrito, sobre la finca.

La apelante Al Amana, tenía conocimiento que el aludido contrato de arrendamiento estaba inscrito y constituia un gravamen sobre el inmueble que adquirió, oponible a terceros. La demanda instada era frívola y

por ende el litigio era innecesario. La cuantía de $5,000 en honorarios de abogado, es razonable.

## VI

Por los anteriores fundamentos, se confirma la sentencia emitida por el Tribunal de Primera Instancia, Sala de Bayamón, según sus términos y condiciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones