EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luz Delia Pedragón Ferrer<br><br>Peticionaria<br><br>v.<br><br>Hon. Ismael Purcell Soler<br><br>Recurrido | 2016 TSPR 243<br><br>194 DPR ____ |

Número del Caso: RG-2014-1


Fecha: 12 de diciembre de 2016


Abogado de la parte Peticionaria:

      Lcdo. Julio C. Colón Ortiz


Abogado de la Parte Recurrida:

      Lcdo. Ismael L. Purcell Soler
      Registrador de la Propiedad

Registro de la Propiedad
Sección de Guayama:

        Lcdo. Julio César Colón Ortiz
        Registrador de la Propiedad


Materia: Derecho Registral: Contornos de la Facultad Calificadora del Registrador al momento de evaluar escrituras de venta judicial por su inscripción en el Registro de la Propiedad.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Luz Delia Pedragón Ferrer | | |
|---|---|---|
| Peticionaria | | |
| v. | **Núm.** RG-2014-0001 | |
| Hon. Ismael Purcell Soler | | |
| Recurrido | | |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 12 de diciembre de 2016

En esta ocasión, nos compete ejercer nuestra jurisdicción gubernativa para repasar los contornos de la facultad calificadora del Registrador al momento de evaluar escrituras de venta judicial para su inscripción en el Registro de la Propiedad.

I

El 28 de mayo de 2013, el Lcdo. Julio C. Colón Ortiz, presentó una escritura de venta judicial en el Registro de la Propiedad, Sección de Guayama. La escritura presentada fue otorgada el 27 de abril de 2013 y, en ésta, la Sra. Luz Delia Pedragón Ferrer (peticionaria) figuraba como compradora, mediante la segunda subasta, de una propiedad sita en el Municipio de Salinas. El licenciado Colón Ortiz acompañó la escritura de venta judicial con los siguientes documentos: (1) copia certificada de la sentencia emitida por el Tribunal de Primera Instancia; (2) copia certificada de la orden de ejecución; (3) copia certificada del

mandamiento de ejecución, y (4) copia certificada del acta de subasta pública, de la cual surgía que el alguacil tuvo ante su consideración el edicto de subasta correspondiente.

El 5 de noviembre de 2013, el Registrador, Hon. Ismael L. Purcell Soler, notificó una serie de faltas que impedían la inscripción de la escritura. Específicamente, señaló las siguientes:

- No se acredita que el demandado haya sido notificado de aviso de subasta mediante correo certificado con acuse de recibo. Regla 51.8 Procedimiento Civil.
- Deberá acompañar como documentos complementarios los siguientes documentos judiciales debidamente certificados por la Secretaría del Tribunal: (a) Aviso de Subasta (b) Acta de primera subasta (c) Notificación de Sentencia en Rebeldía por Edicto (d) Certificación de publicación de edictos conforme los establece el artículo 51.8 de las reglas de Procedimiento Civil, (Véase enmienda a este artículo por la Ley 17 del 12 de agosto de 2000).
- Se (sic) garantiza la hipoteca un título negociable, deberá cancelar éste al momento de otorgarse la escritura de adjudicación. Art. 138 L-H- Art. 188.2 RH – Empire Life Ins. vs. Reg. 105 DPR 136

Oportunamente, el licenciado Colón Ortiz presentó una solicitud de recalificación. En ésta, destacó que no se incluyó el edicto de subasta como documento complementario, puesto que el alguacil había declarado que lo tuvo ante sí en el acta de subasta pública. No obstante, acompañó el escrito de recalificación con una copia certificada del edicto de subasta, en aras de evitar cualquier confusión al respecto. Con relación a los otros documentos complementarios requeridos por el Registrador, el

licenciado Colón Ortiz sostuvo que solicitar estos documentos constituía una intromisión indebida en la función judicial y que la *Ley hipotecaria de 1979* y su Reglamento no contemplaban la presentación de esos documentos como requisitos para la inscripción de una escritura de venta judicial. Indicó que, de la sentencia dictada por el Tribunal de Primera Instancia, y de los documentos que acompañaron la solicitud de inscripción, no se desprendían irregularidades en el procedimiento judicial que justificaran requerir la presentación de los mismos.

Por último, el licenciado Colón Ortiz manifestó reparos con la notificación de faltas del Registrador, aduciendo que la falta relacionada con la cancelación de gravámenes era ambigua, lo que impedía garantizar el cumplimiento con la misma. En cuanto a esto, argumentó que el Registrador había errado al concluir que existía un gravamen posterior, en atención a los documentos presentados. Es decir, arguyó que el Registrador había errado al exigir el cumplimiento con lo dispuesto en el Artículo 138 de la *Ley hipotecaria*, 30 L.P.R.A. sec. 2462, que sólo es de aplicación a escrituras de cancelación de hipotecas en garantía de títulos transferibles por endoso, pero no así para escrituras de venta judicial. A éstas últimas, según asevera, les aplica el Artículo 134 de la *Ley hipotecaria*, 30 L.P.R.A. sec. 2458.

Así las cosas, el 2 de marzo de 2014, el Registrador denegó la solicitud de recalificación presentada.

Esencialmente, adujo que los documentos complementarios solicitados tenían el propósito de evidenciar el cumplimiento, por parte del Tribunal de Primera Instancia, con los requisitos plasmados en la Regla 58.1 de las de Procedimiento Civil.

Con relación a la falta relacionada con la cancelación de gravámenes, el Registrador explicó que la escritura de venta judicial presentada no contenía una expresión certificando que el notario había recibido el pagaré para proceder a cancelarlo, según lo requiere el Artículo 138 de la Ley Hipotecaria. El Registrador destacó, además, que la escritura no especificaba el tipo de gravamen del que se trataba y que, en todo caso, era un requisito ineludible cancelar el título o pagaré al momento de otorgar una escritura de venta judicial.

Inconforme, el licenciado Colón Ortiz presentó este recurso gubernativo, reiterando los argumentos esbozados en su solicitud de recalificación e imputándole al Registrador la comisión de cuatro errores relacionados con las faltas notificadas.[1] Contando con la comparecencia de ambas partes, estamos en posición de resolver.

---

[1] Los señalamientos de error planteados son los siguientes: (1) tardarse 123 días en atender la recalificación; (2) determinar que a la escritura de venta judicial presentada le aplicaban las disposiciones del Art. 138 de la Ley Hipotecaria y el Artículo 188.2 de su Reglamento y la Regla 51.8 de Procedimiento Civil; (3) determinar que las notificaciones de faltas no deben ser claras, pues le corresponde al presentante interpretar las mismas, y (4) determinar que lo resuelto en *CRUV v. Registrador*, 117 D.P.R. 662 (1986), era de aplicación al caso.

**II**

Como cuestión de umbral, resulta preciso determinar si el Registrador erró al requerir que, en la escritura de venta judicial, se hiciera constar la cancelación del pagaré. El Artículo 138 de la antigua *Ley hipotecaria* de 1979, disponía, en lo pertinente, que:

> Sin perjuicio de lo dispuesto en el art. 136 de esta ley sobre la cancelación de gravámenes posteriores, las inscripciones de hipoteca constituidas para garantizar obligaciones representadas por títulos transferibles por endoso o pagaderos al portador, cualquiera que sea la denominación que se les asigne, se cancelarán total o parcialmente mediante escritura otorgada por los tenedores legítimos de los títulos expresados. En *todo* caso deberá hacerse constar en la escritura la identificación de los títulos y su inutilización o reducción parcial en el acto de otorgamiento. (énfasis nuestro)

*Ley Hipotecaria y del Registro de la Propiedad de 1979*, Ley Núm. 198 de 8 de agosto de 1979.[2]

De otra parte, y en lo que respecta a las ventas judiciales, el Artículo 134 de la Ley de 1979 establecía que "[s]erán canceladas de oficio las inscripciones de hipoteca cuando de las sucesivas inscripciones de la finca

---

[2] La controversia ante nuestra consideración se rige por las disposiciones de la *Ley Hipotecaria y del Registro de la Propiedad de 1979*, Ley Núm. 198 de 8 de agosto de 1979 y su Reglamento, por ser la ley vigente al momento que se suscita la controversia que hoy atendemos. Como se sabe, esta ley fue derogada por la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley núm. 210 de 8 de diciembre de 2015, según enmendada. El Art. 322 de la Ley 210 indica que ésta entrará en vigor 90 días después de su aprobación. Como veremos, la nueva ley reafirma lo dispuesto en la Ley 198 con lo cual, el resultado a que llegaríamos bajo el nuevo estatuto sería el mismo. Véase discusión, *infra*.

resulte que ésta o el derecho sobre el que se constituyó la hipoteca fue ejecutado o vendido en pública subasta…."

Una lectura integrada de ambos artículos no apunta a que éstos sean mutuamente excluyentes. Es decir, un notario no está exento del requisito de constatar, en la escritura de venta judicial, la reducción o inutilización del pagaré que representa la obligación que es objeto del pleito judicial. En todos los casos en que una obligación esté garantizada por una hipoteca que, a su vez, esté representada por un pagaré, será indispensable que, cuando tal garantía se ejecute o se venda el bien en pública subasta en cobro de la obligación, se cancele e inutilice el pagaré que la representa. Nótese, además, que el Artículo 138 de la Ley 198 claramente alude a todo caso en el que las obligaciones estén representadas "por títulos transferibles por endoso o pagaderos al portador, cualquiera que sea la denominación que se les asigne".

Asimismo, los preceptos relativos a las ventas judiciales contenidos en el *Reglamento de la Ley hipotecaria de 1979* apoyan tal conclusión. En lo que concierne a la controversia ante nuestra consideración, el Artículo 183.3, al detallar el procedimiento a seguir para la ejecución por la vía sumaria, establece que "[e]l tribunal se asegurará de que el título que representa la obligación garantizada se cancele, sea o no negociable este". Art. 183.3, *Reglamento para la ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 9 de julio de*

*1980 (Reglamento),* según enmendado, Reglamento Núm. 2674 del Departamento de Justicia. Asimismo, el Artículo 188.2, dispone que, en aquellos casos en los que se declaren desiertas las tres subastas y la finca se le adjudique al acreedor ejecutante, este último podrá solicitar al alguacil que otorgue la escritura de adjudicación correspondiente. En estas instancias, el artículo exige que "[d]e garantizar la hipoteca un título negociable, se cancelará éste al momento de otorgarse la escritura de adjudicación, y se hará constar la reducción que corresponde". Art. 188.2, *Reglamento.*

Eximir al notario de cumplir con el requisito de cancelar el pagaré en la escritura de venta judicial provoca incertidumbre la cual es inconciliable con la seguridad jurídica que nuestro sistema registral busca alcanzar y es además, jurídicamente incorrecto. Ello, porque la hipoteca que garantiza el pago de la obligación principal contenida en el pagaré, ha dejado de existir al cobrarse la deuda mediante la ejecución o venta de la propiedad hipotecada. Al cesar la obligación de pagar, tiene que cancelarse el pagaré. Véase *Plaza del Rey, Inc. v. Registrador*, 133 D.P.R. 188 (1993). La hipoteca inscrita en el Registro deja de existir, como deja de existir la obligación garantizada. A todas luces, una incongruencia de ese tipo entre el registro y la realidad jurídica es insostenible y atenta contra la seguridad del tráfico jurídico.

La nueva ley hipotecaria, denominada *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley núm. 210 de 8 de diciembre de 2015 (Ley 210), tiene como uno de sus objetivos, simplificar el procedimiento ordinario de ejecución de hipotecas y agilizar la inscripción de las escrituras de venta judicial. Véase, Exposición de Motivos de la Ley 210. Así, el Artículo 112 de la Ley 210, según enmendada, dispone lo siguiente:

> Vendida o adjudicada la finca o derecho hipotecado y consignado el precio correspondiente, en esa misma fecha o fecha posterior, el alguacil que celebró la subasta procederá a otorgar la correspondiente escritura pública de traspaso en representación del dueño o titular de los bienes hipotecados, ante el notario que elija el adjudicatario o comprador, quien deberá abonar el importe de tal escritura. La orden que confirma la adjudicación o venta de los bienes hipotecados dispuesta en el Artículo 107 de la presente Ley, no será requisito previo para la otorgación de la escritura pública de traspaso por el alguacil de los bienes hipotecados al adjudicatario o comprador, aunque sí para que pueda quedar inscrita. El abogado que haya comparecido en el proceso legal en representación de la parte demandante, del adjudicatario o comprador, o haya comparecido como oficial autorizado de estos últimos en el proceso de pública subasta, estará impedido de autorizar dicho instrumento público en su capacidad de notario. *En dicha escritura el notario dará fe de haber inutilizado y cancelado el pagaré garantizado con la hipoteca objeto de ejecución.* El alguacil pondrá en posesión judicial al nuevo dueño, si así se lo solicita dentro del término de veinte (20) días a partir de la venta o adjudicación. Si transcurren los referidos veinte (20) días, el tribunal podrá ordenar, sin necesidad de ulterior procedimiento, que se lleve a efecto el desalojo o lanzamiento del ocupante u ocupantes de la finca o de todos los que por

orden o tolerancia del deudor la ocupen. (Énfasis nuestro.)

Art. 112, *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210 del 8 de diciembre de 2015, según enmendada.

Ciertamente, este artículo consolida lo dispuesto en el Artículo 134 y 138 de la anterior Ley Hipotecaria, que como discutimos son los artículos aplicables a esta controversia. El Artículo 112 de la Ley 210, al igual que los de la anterior ley, hacen patente que el notario, en la escritura de venta judicial, deberá dar *fe de haber inutilizado y cancelado el pagaré garantizado con la hipoteca objeto de ejecución.*

En el presente caso, según se desprende de la sentencia en rebeldía dictada por el Tribunal de Primera Instancia, el 28 de septiembre de 1998, se otorgó un pagaré a favor de Doral Mortgage Corp., por la suma principal de $40,000. Para garantizar el pago de ese instrumento, se constituyó una hipoteca sobre el inmueble objeto de la venta judicial que nos ocupa. Sin embargo, al momento de otorgar la escritura de venta judicial, el notario no canceló el referido pagaré. Al así proceder, incumplió con lo dispuesto en la antigua *Ley hipotecaria* y su Reglamento. Por tal razón, no erró el Registrador al notificar como falta que no se había cancelado el pagaré en la escritura de venta judicial.

Corresponde, entonces, evaluar los méritos de los otros señalamientos de error planteados por el peticionario. Por estar estrechamente relacionados,

atendemos los errores relacionados con el momento y el modo de la calificación.

## III

Como se mencionó, el peticionario sostiene que el Registrador erró al demorarse 123 días en atender su escrito de recalificación. Asimismo, arguye que las faltas que le fueron notificadas no fueron claras, por lo que se le dificultó interpretar las mismas.

Si bien es cierto que, bajo el Artículo 71 de la antigua *Ley hipotecaria*, el Registrador tenía 30 días para disponer de un escrito de recalificación, este Tribunal ha resuelto que dicho término "no es, ni puede ser, fatal", sino de carácter directivo. Véase *Senior Las Marías Corp. v. Registrador*, 113 D.P.R. 675, 683, n.5 (1982); *Algarín v. Registrador*, 110 D.P.R. 603 (1981). No obstante, el hecho de que el término sea de carácter directivo no es óbice para que, al amparo del Artículo 66.3 del Reglamento, se inicie el procedimiento de una queja por demora.[3] Véase *C.R.I.M. v. Registradora*, 193 D.P.R. 943, 948 (2015).

Anteriormente, hemos advertido que la naturaleza directiva del término de treinta días "no releva a los . . . registradores de la propiedad de su obligación de hacer un esfuerzo máximo por cumplir con el referido término". *Senior Las Marías Corp.,* 113 D.P.R. en la pág. 683, n.5.

---

[3] El Artículo 234 de la Ley 210 dispone expresamente que "[e]l incumplimiento con el término dispuesto en este Artículo dará lugar a sanciones disciplinarias según se disponga por reglamento". Art. 234, Ley Núm. 210 del 8 de diciembre de 2015, *supra*.

Dado que, en el presente caso, el escrito de recalificación no fue atendido hasta 123 días después de su presentación, precisa advertir nuevamente a los Registradores sobre la importancia de ejercer sus funciones con la diligencia requerida y sin incurrir en demoras que obstaculicen la inscripción de documentos en el Registro.

En lo que respecta a la presunta imprecisión en la notificación de las faltas, el Artículo 65 de la *Ley hipotecaria* de 1979 exige al Registrador que la notificación de faltas contenga todos los motivos legales en los que se basa la calificación. De otra parte, el Artículo 65 establece la autonomía del Registrador al momento de calificar los documentos presentados. ("El registrador tendrá autonomía en su facultad calificadora y contra su calificación solamente procederá el recurso [gubernativo]".)

De las faltas notificadas en el presente recurso, no surge una ininteligibilidad o ambigüedad que imposibilite su comprensión. Lo que sí se desprende de la notificación es que el Registrador erró al momento de citar la disposición legal que resumió en la falta. Resulta preciso, pues, recordarle a los Registradores que, en la notificación de las faltas, "[e]s necesario que . . . citen el precepto legal que sostiene la denegatoria de que se trate". *S.B. Pharmco P.R. Inc. v. Registrador*, 148 D.P.R. 336, 352-54 (1999). Ello evita confusiones y permite que la parte interesada pueda rectificar el error cometido o

someter un escrito de recalificación con cabal conocimiento del fundamento legal por el cual denegaron su inscripción. "Después de todo, la nota denegatoria no debe inducir a error. Tampoco debe provocar la indefensión de aquellos que de buena fe quieran impugnar la calificación del Registrador de la Propiedad". *Id.* en la pág. 354.

**IV**

En su último señalamiento de error, el peticionario arguye que lo resuelto en el caso de *CRUV v. Registrador*, 117 D.P.R. 662 (1986), es inaplicable a este caso. Asimismo, sostiene que no era necesario acreditar que el demandando en el caso de ejecución de hipoteca hubiese sido notificado del aviso de subasta mediante correo certificado con acuse de recibo. En esencia, su contención principal es que, dado que en *CRUV v. Registrador* se interpretó una Regla de Procedimiento Civil que posteriormente fue enmendada, la norma allí pautada carece de vigencia. No le asiste la razón.

En *CRUV v. Registrador*, este Tribunal dictaminó que las escrituras de venta judicial no revestían el carácter de los documentos expedidos por autoridad judicial contemplados en el tercer párrafo del Artículo 64 de la *Ley hipotecaria* de 1979. Al así proceder, se identificó "una categoría intermedia o híbrida: los documentos notariales avalados por un trámite judicial". Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño* 291 (3ra ed. 2012). En atención a ello, se determinó que, al

solicitar la inscripción de una escritura de venta judicial, se debía acreditar el cumplimiento con la Regla 58.1 de Procedimiento Civil de 1979 que, en aquel momento, regulaba todo lo relativo a las ventas judiciales. Esto, porque la calificación de los documentos notariales comprendía la validez de los actos y contratos contenidos en ellos, según lo dispuesto en el Artículo 64 de la Ley Hipotecaria de 1979.

La regla que actualmente detalla el procedimiento al que han de adherirse los tribunales al momento de llevar a cabo una venta judicial es la Regla 51.7 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.57.1. Ésta corresponde a la anterior Regla 51.8 que se interpretó en *CRUV v. Registrador*. En la Regla 51.7, tal y como se hacía en la regla anterior, se condiciona la validez de la venta judicial al cumplimiento con el aviso de venta en la forma allí indicada. En lo que atañe el señalamiento de error ante nuestra consideración, la Regla 51.7 exige que la copia del aviso de venta sea enviada al deudor por sentencia, y a su abogado, vía correo certificado con acuse de recibo.

Dado que el incumplimiento con este requisito procesal anula la venta judicial celebrada, no erró el Registrador al requerir evidencia que acreditara que el deudor fue notificado del aviso de subasta mediante correo certificado. Asimismo, los demás documentos requeridos, tienen el propósito de verificar el cumplimiento con los

requisitos procesales dispuestos en la Regla 51.7 de Procedimiento Civil.[4] "Debemos recordar que 'en materia de venta judicial, se proclama como postulado fundamental que no existe presunción a favor de que todo se ha hecho en forma adecuada por el Alguacil'". *CRUV v. Registrador*, 117 D.P.R. 662, 669 (1986)(citando a M.R. Aguiló, La calificación de los documentos judiciales, 77 Rev. Der. Puertorriqueño 83, 91 (1981). Precisamente por ello, corresponde al comprador probar que se ha cumplido cabalmente con las reglas y los estatutos aplicables.

Después de todo, la función calificadora del Registrador abarca "las formas extrínsecas de los documentos presentados, la capacidad de los otorgantes y la validez de los actos y contratos contenidos en tales documentos". Art. 63, Ley 198 de 1979. Para cumplir cabalmente tal función, el Art. 64 de la Ley 198 específicamente dispone que el Registrador podrá "requerir que se produzcan los documentos necesarios para una adecuada calificación, bien sean éstos notariales, judiciales o administrativos". Véase, además, Artículo 116.2 del Reglamento. De otra parte, este Tribunal ha dispuesto, reiteradamente, que tanto la Ley 198 como su

---

[4] En cuanto a la notificación de sentencia en rebeldía por edicto, de la sentencia en rebeldía dictada por el Tribunal de Primera Instancia el 17 de mayo de 2012, se desprende que la parte demandada fue emplazada mediante la publicación de edictos y nunca compareció al pleito. Por tal razón, en atención al texto de la Regla 65.3 de Procedimiento Civil, era necesario que la sentencia en rebeldía le fuese notificada por edicto. Véase *Banco Popular v. Andino Solís*, 192 D.P.R. 172 (2015).

Reglamento le asignan al Registrador una facultad limitada al calificar un documento judicial.[5] *Santiago v. ELA*, 163 D.P.R. 149 (2004). Véase, además, *R & G Premier Bank P.R. v. Registradora,* 158 D.P.R. 241 (2002); *Narváez v. Registrador*, 156 D.P.R. 1 (2002); *U.S.I. Properties, Inc. v. Registrador*, 124 D.P.R. 448 (1998).

**V**

En mérito de la discusión que antecede, no erró el Registrador al requerir que, en la escritura de venta judicial, se hiciera constar la cancelación del pagaré que representaba la garantía ejecutada. Asimismo, actuó correctamente el Registrador al requerir documentos que evidenciaran el cumplimiento con los requisitos procesales que establece la Regla 51.7 de Procedimiento Civil. Esto, en virtud de lo resuelto por este Tribunal en *CRUV v. Registrador*.

De otra parte, y como se discutió, resulta necesario aprovechar la oportunidad para, nuevamente, recordar a los

---

[5] El Art. 64 de la Ley 198 de 1979 dispone en lo pertinente:

> En cuanto a los documentos expedidos por la autoridad judicial, la calificación expresada se limitará:
>
> (1) A la jurisdicción y competencia del tribunal; a la naturaleza y efectos de la resolución dictada si ésta se produjo en el juicio correspondiente; y si se observaron en él los trámites y preceptos esenciales para su validez;
>
> (2) a las formalidades extrínsecas de los documentos presentados, y
>
> (3) a los antecedentes del Registro.

registradores de la propiedad la importancia de su magisterio y reiterar que éste ha de ejercerse con extrema diligencia y rigurosidad. La inobservancia de los términos dispuestos para cumplir sus funciones, y el incumplimiento con los requisitos que rigen la notificación de faltas, especialmente la referencia al precepto legal que las motiva, son incompatibles con el puesto de Registrador de la Propiedad. Los registradores deben ser rigurosos y meticulosos al notificar faltas y deben atender con la premura que ameritan los documentos que se presentan para ser calificados en aras de garantizar su pronta inscripción.

Por los fundamentos que anteceden, se confirma la recalificación recurrida.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luz Delia Pedragón Ferrer

    Peticionaria

        v.                    **Núm.** RG-2014-0001

Hon. Ismael Purcell Soler

    Recurrido

SENTENCIA

San Juan, Puerto Rico 12 de diciembre de 2016

      Por los fundamentos expuestos en la Opinión que antecede, se confirma la recalificación recurrida.

      Así pues, no erró el Registrador al requerir que, en la escritura de venta judicial, se hiciera constar la cancelación del pagaré que representaba la garantía ejecutada. Asimismo, actuó correctamente el Registrador al requerir documentos que evidenciaran el cumplimiento con los requisitos procesales que establece la Regla 51.7 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.57.1. Esto, en virtud de lo resuelto por este Tribunal en *CRUV v. Registrador,* 117 D.P.R. 662 (1986).

      Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita.

                     Juan Ernesto Dávila Rivera
                     Secretario del Tribunal Supremo