Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| PHALANX CAPITAL SERIES 20 REAL ESTATE LLC<br><br>Recurridos<br><br>V.<br><br>MARÍA EMPERATRIZ MORÁN LANTIGUA, **BLASINA MESA SÁNCHEZ**, FULANO DE TAL COMO POSIBLE HEREDERO DESCONOCIDO DE LA SUCESIÓN DE MARÍA EMPERATRIZ MORÁN LANTIGUA, MENGANA DE TAL COMO POSIBLE HEREDERO DESCONOCIDOS DE LA SUCESIÓN DE MARÍA EMPERATRIZ MORÁN LANTIGUA<br><br>Peticionaria | KLCE202401250 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2020CV01080<br><br>Sobre: Cobro de Dinero – Ordinario, Ejecución de Hipoteca: Propiedad Residencial |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

El 18 de noviembre de 2024, compareció ante este Tribunal de Apelaciones, la Sra. Blasina Mesa Sánchez (en adelante, señora Mesa Sánchez o parte peticionaria), mediante recurso de *Certiorari*. Por medio de este, nos solicita que revisemos la *Resolución* emitida y notificada el 11 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud de esta, el foro *a quo* declaró No Ha Lugar la solicitud de nulidad de subasta presentada por la señora Mesa Sánchez, el 4 de octubre de 2024.

Por los fundamentos que expondremos a continuación, se expide el recurso de *Certiorari* y se confirma el dictamen recurrido.

**I**

A continuación, reseñamos las incidencias procesales pertinentes a la controversia ante nuestra consideración.

Según surge del expediente, el 20 de febrero de 2020, Oriental Bank (en adelante, Oriental) presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria, en contra de la señora María Emperatriz Moran Lantigua (en adelante, señora Morán Lantigua).[1] Posteriormente, el 7 de mayo de 2020, Oriental presentó una *Demanda Enmendada*, a los fines de incluir como parte demandada a la señora Mesa Sánchez, quien había adquirido la propiedad objeto de controversia.[2]

El 14 de septiembre de 2020, la señora Mesa Sánchez compareció ante el foro primario mediante *Contestación a Demanda.*[3] En esa misma fecha, la peticionaria presentó *Moción Asumiendo Representación Legal*, suscrita por la licenciada Michelle M. Acosta Rodríguez (en adelante, licenciada Acosta Rodríguez).[4] Luego, el 14 de septiembre de 2020, notificada al próximo día, el tribunal *a quo* emitió *Orden*, dando por aceptada la representación legal de la licenciada Acosta Rodríguez.

Así las cosas, el 21 de abril de 2022, Oriental solicitó la sustitución de la parte demandante, en vista de que el préstamo objeto de ejecución había sido transferido a San Carlos Mortgage LLC (en adelante, San Carlos).[5] La solicitud fue declarada Con Lugar por el foro primario el 27 de abril de 2022, notificada al día siguiente.

Tras un sin número de trámites procesales innecesarios pormenorizar, el 1 de marzo de 2024, la licenciada Acosta Rodríguez presentó una *Solicitud de Relevo de Representación Legal.*[6] A

---

[1] Apéndice del recurso de *certiorari*, págs. 1-31.
[2] *Íd.*, págs. 37-39.
[3] *Íd.*, págs. 55-56.
[4] *Íd.*, págs. 57.
[5] *Íd.*, pág. 329.
[6] *Íd.*, pág. 429.

grandes rasgos, sostuvo que existían diferencias irreparables entre ella y la señora Mesa Sánchez, y que esta le solicitó el relevo de representación. En atención a ello, el 7 de marzo de 2024, notificada al siguiente día, el foro primario emitió *Orden* aceptando la renuncia de la licenciada Acosta Rodríguez.

Posteriormente, el 20 de junio de 2024, notificada el 24 de junio de 2024, el Tribunal de Primera Instancia dictó *Sentencia*.[7] En virtud de esta, el foro recurrido declaró Con Lugar la demanda y dispuso como sigue:

> [L]a parte demandada queda obligada al pago de la suma de $93,879.45 en principal, más los intereses al 6.750% anual desde el día 1 de septiembre de 2019, así como los intereses acumulados y por acumularse a partir de esa fecha y hasta el total y completo repago de la deuda; cargos por demora equivalentes al 5.000% de todos aquellos pagos con atrasos en exceso de 15 días calendarios de la fecha de vencimiento hasta el total y completo repago de la deuda; los créditos accesorios y adelantos hechos en virtud de la escritura de hipoteca; $12, 780.00. para el pago de costas, gastos y honorarios de abogado (pactados en el pagaré). *Íd.*

El 29 de julio de 2024, San Carlos presentó *Moción en Solicitud de Sustitución de Parte, de que se Enmiende el Epígrafe del Caso y Solicitando Ejecución de Sentencia*.[8] En cuanto a la sustitución de parte, solicitó que se incluyera a Casitas Blancas LLC (en adelante, Casitas) en sustitución suya. Atendida la misma, el 30 de julio de 2024, notificada ese mismo día, el tribunal de instancia resolvió Con Lugar la solicitud en cuestión.[9] Adicionalmente, y en la misma fecha, el foro *a quo* emitió la *Orden de Ejecución de Sentencia y Venta de Bienes*.[10] Al próximo día, el 7 de agosto de 2024, la Secretaría del tribunal *a quo* emitió el *Mandamiento de Ejecución*.[11]

Más adelante, específicamente el 30 de agosto de 2024, la señora Mesa Sánchez compareció ante el tribunal primario mediante

---

[7] *Íd.*, págs. 476-481.
[8] *Íd.*, págs. 487-504.
[9] *Íd.*, pág. 509.
[10] *Íd.*, págs. 505-507.
[11] *Íd.*, págs. 514-517.

dos (2) mociones suscritas por un nuevo representante legal, a saber, el licenciado Luis A. Trinidad Rodríguez (en adelante, licenciado Trinidad Rodríguez).[12]

Así las cosas, el 16 de septiembre de 2024, Casitas presentó moción informando que el pagaré objeto de ejecución había sido negociado a Phalanx Capital Series 20 Real Estate LLC, (en adelante, Phalanx Capital o parte recurrida), por lo que solicitó que se realizara la sustitución de parte correspondiente.[13]

El mismo 16 de septiembre de 2024, Casitas instó un escrito intitulado *Trámite al Expediente del Tribunal Sometiendo Evidencia de Haber Cumplido con la Regla 51.7 de Procedimiento Civil*.[14] En lo que concierne, esta indicó que, el edicto de subasta había sido publicado en un periodo de circulación general por el tiempo exigido por la Regla 51.7 de Procedimiento Civil[15]; y que el mismo había sido "notificado a la parte demanda por correo certificado con acuse de recibo a su última dirección conocida dentro de los cinco días de haber publicado el primer edicto."[16]

Junto a su escrito, Casitas acompañó una declaración jurada del personal autorizado por el Nuevo Día, acreditando la publicación del edicto de subasta en el periódico los días 26 de agosto y 3 de septiembre de 2024.[17] De igual forma, acompañó las cartas enviadas por correo certificado con acuse de recibo a la señora Mesa Sánchez, a los fines de notificarle la subasta.[18]

El mismo día, notificada el 17 de septiembre de 2024, el foro primario emitió *Orden* autorizando la sustitución solicitada.[19]

---

[12] *Íd.*, págs. 519-542 y 543-544.
[13] *Íd.*, págs. 557-568.
[14] *Íd.*, págs. 569-595.
[15] 32 LPRA Ap. V, R. 51.7.
[16] *Íd.*, pág. 569.
[17] *Íd.*, pág. 574.
[18] *Íd.*, págs. 576-579.
[19] *Íd.*, pág. 596.

El 4 de octubre de 2024, la parte recurrida instó *Moción en Solicitud de Confirmación de Venta Judicial y en Solicitud de que se Expida Orden y Mandamiento de Lanzamiento*.[20] En esencia, sostuvo que se le había adjudicado la *buena pro* de la subasta, y que la moción presentada el 16 de septiembre de 2024, acreditaba el cumplimiento con las disposiciones de la Regla 51.7 de Procedimiento Civil, *supra*. A esos efectos, solicitó que se confirmara la venta judicial y se autorizara el lanzamiento de la propiedad.

En esa misma fecha, la señora Mesa Sánchez se opuso mediante *Oposición a "Moción Sometiendo Evidencia de Haber Cumplido con la Regla 51.7 de Procedimiento Civil", a "Solicitud de Confirmación de Venta Judicial y en Solicitud de que se Expida Orden y Mandamiento de Lanzamiento" y Moción Urgente de la Demandada Solicitando la Nulidad del Proceso de Subasta*.[21] Por medio de esta, arguyó que, la subasta no había sido notificada adecuadamente. En específico, sostuvo que, la misma no le fue remitida a su representante legal, el licenciado Trinidad Rodríguez. Puntualizó que desde el 30 de agosto de 2024, la recurrida conocía que el licenciado Trinidad Rodríguez era su representante legal. En ese sentido, sostuvo que la subasta se había adjudicado ilegalmente, por lo que solicitó que se dejase sin efecto.[22]

El 7 de octubre de 2024, la parte recurrida replicó el escrito antes reseñado.[23] En esencia, sostuvo que había cumplido a cabalidad con el requisito de notificación exigido por la Regla 51.7 de Procedimiento Civil, *supra*. Precisó que, la notificación en cuestión había sido remitida a todas las partes de epígrafe al día siguiente de la publicación del edicto, **previo** a la primera comparecencia del licenciado Trinidad Rodríguez como nuevo

---

[20] *Íd.*, págs. 623-624.
[21] *Íd.*, 625-639.
[22] Cabe señalar que, la subasta fue celebrada el 3 de octubre de 2024. Véase, apéndice del recurso de *certiorari*, págs. 646-647.
[23] Apéndice del recurso de *certiorari*, págs. 640-642.

representante legal de la peticionaria. Más en detalle, indicó que, la notificación de la subasta fue realizada el 27 de agosto de 2024, mientras que el licenciado Trinidad Rodríguez había comparecido por primera vez al caso el 30 de agosto de 2024.

El 8 de octubre de 2024, la señora Mesa Sánchez instó *Moción en Torno a "Réplica a Oposición a Moción Sometiendo Evidencia..."*.[24] En resumidas cuentas, expuso que, el licenciado Trinidad Rodríguez compareció dentro de los primeros cinco (5) días de publicado el primer edicto, por lo que la parte recurrida venía obligada a notificarle la subasta dentro de dicho término.

Atendidos los escritos de las partes, el 11 de octubre de 2024, el foro primario emitió *Resolución*[25] disponiendo como sigue:

> A LA "OPOSICIÓN A "MOCIÓN SOMETIENDO EVIDENCIA DE HABER CUMPLIDO CON LA REGLA 51.7 DE PROCEDIMIENTO CIVIL", A "SOLICITUD DE CONFIRMACIÓN DE VENTA JUDICIAL Y EN SOLICITUD DE QUE SE EXPIDA ORDEN Y *MANDAMIENTO* DE LANZAMIENTO" **Y MOCIÓN URGENTE DE LA DEMANDADA SOLICITANDO LA NULIDAD DEL PROCESO DE SUBASTA**" (ENTRADA 149 DE LA DEMANDADA), **RESOLVEMOS NO HA LUGAR**. LA PARTE DEMANDANTE ACREDITÓ CUMPLIMIENTO YA QUE SE LE REMITIÓ LA NOTIFICACIÓN REQUERIDA A LA PARTE DEMANDADA POR CORREO CERTIFICADO EL 27 DE AGOSTO DE 2024 PREVIO QUE SU ABOGADO ASUMIERA REPRESENTACIÓN LEGAL DEL CASO DE AUTOS. (Énfasis en el original.)

Inconforme, 18 de noviembre de 2024, la peticionaria acudió ante nos mediante el recurso que nos ocupa y realizó el siguiente señalamiento de error:

> A- Erró el Tribunal *a quo* al declarar No Ha Lugar nuestra moción urgente solicitando la nulidad del proceso de subasta por no haberse notificado la subasta al abogado de la demandada vía correo certificado con acuse de recibo dentro de los primeros cinco (5) días de publicado el primer edicto el **26 de agosto de 2024** según requerido por nuestro ordenamiento jurídico.

---

[24] *Íd.*, págs. 643-645.
[25] *Íd.*, pág. 657.

El 2 de diciembre de 2024, la parte recurrida instó *Oposición a que se expida Certiorari Civil*.

Contando con el beneficio de la comparecencia de ambas partes, estamos en posición de disponer del recurso ante nuestra consideración.

**II**

**Certiorari**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[26], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales

---

[26] 4 LPRA Ap. XXII-B, R. 40.

deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[27]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa

---

[27] 4 LPRA Ap. XXII-B, R. 40.

etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### *La Venta Judicial*

En *Pedragón Ferrer v. Purcell Soler*[28], nuestra Más Alta Curia, analizó la regla que actualmente detalla el procedimiento al que han de adherirse los tribunales al momento de llevar a cabo una venta judicial válida. La actual Regla 51.7 de Procedimiento Civil,[29] corresponde a la anterior Regla 51.8 que se interpretó en *CRUV v. Registrador*[30]. En la Regla 51.7, *supra*, tal y como se hacía en la regla anterior, se condiciona la validez de la venta judicial al cumplimiento con la publicación del aviso de subasta en la forma allí indicada. En lo que atañe el señalamiento de error ante nuestra consideración, la Regla 51.7, *supra*, exige que la publicación del aviso de subasta sea notificada al deudor por sentencia y a su abogado dentro de los primeros cinco (5) días de la publicación del primer edicto. En específico, dicha regla dispone lo siguiente:

> (a) *Aviso de venta.* Antes de verificarse la venta de los bienes objeto de la ejecución, ésta deberá darse a la publicidad por espacio de dos (2) semanas mediante avisos por escrito visiblemente colocados en tres (3) sitios públicos del municipio en que ha de celebrarse dicha venta, tales como la alcaldía, el tribunal y la colecturía.
>
> Dicho aviso será publicado, además, mediante edictos dos (2) veces en un diario de circulación general en el Estado Libre Asociado de Puerto Rico, y por espacio de dos (2) semanas consecutivas, con un intervalo de por lo menos siete días entre ambas publicaciones. **Copia del aviso será enviada al deudor o deudora por sentencia y a su abogado o abogada vía correo certificado con acuse dentro de los primeros cinco (5) días de publicado el primer edicto**, siempre que haya comparecido al pleito. Si el deudor o la deudora por sentencia no comparece al pleito, la notificación será enviada vía correo certificado con acuse a la última dirección conocida.

---

[28] 196 DPR 1024 (2016).
[29] 32 LPRA Ap. V.
[30] 117 DPR 662 (1986).

> En todos los casos en que se plantee que la parte promovente de un procedimiento de ejecución de sentencia no ha cumplido con alguno de los requisitos de esta regla, el tribunal, a solicitud de parte, celebrará una vista para resolver la controversia planteada. El aviso de venta describirá adecuadamente los bienes que se venderán y hará referencia sucintamente, además, a la sentencia que se satisfará mediante dicha venta, con expresión del sitio, el día y la hora en que se celebrará la venta. Si los bienes son susceptibles de deterioro, el tribunal, a solicitud de parte, podrá reducir el término de publicación del aviso a menos de dos (2) semanas. Será nula toda venta judicial que se realice sin cumplir con el aviso de venta en la forma indicada, sin perjuicio de la responsabilidad de la parte que promueva la venta sin cumplir con tal aviso. (énfasis nuestro).[31]

Así pues, el incumplimiento con dicho requisito procesal anula la venta judicial celebrada.[32]

**III**

En esencia, la peticionaria sostiene que, el foro de instancia incidió al declarar No Ha Lugar su solicitud para anular el proceso de subasta. Aduce que la publicación de la venta judicial no se notificó adecuadamente, puesto que no le fue notificada a su abogado, según lo exige el ordenamiento jurídico.

Tras evaluar detenidamente el recurso presentado, colegimos que no le asiste la razón.

De conformidad al derecho reseñado, la Regla 51.7, *supra,* exige que la publicación del aviso de venta judicial sea notificada por correo certificado al deudor por sentencia. En los casos en que este haya comparecido al pleito, la notificación también debe remitirse al abogado que lo representa. En ambas instancias, la notificación en cuestión debe realizarse dentro de los primeros cinco (5) días de publicación del primer edicto.

En el presente caso, el edicto de venta judicial fue publicado por primera vez el día 26 de agosto de 2024. A partir de dicha fecha, la parte recurrida contaba con cinco (5) días para notificar al deudor

---

[31] 32 LPRA Ap. V, R. 51.7(a).
[32] *Pedragón Ferrer v. Purcell Soler,* 196 DPR 1024, 1036 (2016).

por sentencia, entiéndase, a la señora Mesa Sánchez. Adicionalmente, y en vista de que la peticionaria había comparecido al pleito, la notificación también debía ser remitida a su representante legal.

Conforme surge, el 27 de agosto de 2024, la parte recurrida cumplió con remitir la notificación correspondiente a la señora Mesa Sánchez mediante correo certificado con acuse de recibo. Ahora bien, para dicha fecha, la señora Mesa Sánchez **no contaba con representación legal**. Recordemos que, el 7 de marzo de 2024, el foro primario aceptó la renuncia de la licenciada Acosta Rodríguez; y no fue hasta el **30 de agosto de 2024**, –**luego** de que la recurrida gestionará la notificación en cuestión– que la peticionaria compareció representada por primera vez por el licenciado Trinidad Rodríguez.

Habida cuenta de ello, al 27 de agosto de 2024, no existía un representante legal que obligara la notificación adicional al abogado de la peticionaria, por lo que el requisito de notificación quedó satisfecho con la notificación a la señora Mesa Sánchez. En otras palabras, la parte recurrida cumplió con su deber de notificar la publicación de la venta judicial dentro del periodo establecido para ello y en función de las circunstancias fácticas existentes al momento.

Puntualizamos que, no nos persuade el argumento de la señora Mesa Sánchez, en cuanto a que el licenciado Trinidad Rodríguez compareció dentro de los cinco (5) días posteriores a la publicación del primer edicto, por lo que había que remitirle la notificación. Insistimos en que el representante legal de la señora Mesa Sánchez compareció **luego** de que la parte recurrida cumpliera con las exigencias que requiere la Regla 51.7 de Procedimiento Civil, *supra.*

A la luz de todo lo anterior, razonamos que el error señalado no fue cometido. Así pues, no vemos razón para variar el dictamen del foro primario.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *Certiorari* y se confirma el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones